THE NATIONAL CASH REGISTER COMPANY, Appellant, v. PETER MALONEY.

**Recording Acts:** GOOD FAITH BUYER. Code, 1922, provides that no conditional sale shall be valid against any *purchaser of the vendee,* unless the contract of sale is in writing and recorded. Plaintiff sold a cash register to M. under written unrecorded contract that the title should remain in plaintiff until the register was wholly paid for. M. sold it to G., who had notice of the conditions of the sale and the payments. G. sold it to defendant, who bought without notice and upon good consideration. *Held,* the defendant is within the protection of the statute, though in strictness he is not a purchaser from the vendee with whom the conditional contract was made.

*Appeal from Wapello District Court.*—HON. W. I. BABB, Judge.

THURSDAY, OCTOBER 10, 1895.

This is an action for the recovery of a cash register, or for the value thereof in case the possession of the property cannot be obtained. There was a trial before the court, and a judgment for the defendant. Plaintiff appeals.—*Affirmed.*

*Wm. McNett* and *J. W. Lewis* for appellant.

*Steck & Smith* and *C. C. McIntire* for appellee.

Rothrock, J.—I.   The plaintiff requested that the court should make findings of the facts in the case, which was done, and said findings are as follows: "That on the 26th day of August, 1891, plaintiff sold to

one James Meecham, of Ottumwa, Iowa, the National cash register in question, under a written contract, by the terms of which said register was to be and remain the property of the plaintiff until wholly paid for. That plaintiff neglected and failed to have this contract acknowledged or recorded as by law provided. That the price of said register, as mentioned in said contract of sale, was $205. That only $25 of this amount has ever been paid; and that at the time said Meecham parted with possession of said register, as hereinafter stated, and at the time of bringing this action, all of the amount of said purchase price so remaining unpaid had fallen due. That about the middle of September, 1891, said Meecham sold and delivered said register to one W. H. McGlashon. Said McGlashon took the register from said Meecham upon an old debt, and did not pay said Meecham money for it. And the court also finds on this point that said McGlashon, at the time he so bought the register of said Meecham, had notice and knowledge of the terms on which plaintiff had sold it to said Meecham, and knew that the said Meecham had failed to pay the plaintiff for the register. That thereafter, in the month of September, 1891, and while the register was in the possession of said McGlashon, in Ottumwa, Iowa, the defendant, Maloney, purchased said register of said McGlashon, and took possession of it from him. That at the time he paid to said McGlashon for said register $180, as the purchase price; and this he did without notice or knowledge of the contract of sale between plaintiff and said Meecham, or that the said register was not paid for. That on the 24th day of December, 1891, plaintiff replevied said register from defendant, and has ever since then had possession thereof. That the actual value of said register at the time it was so taken by plaintiff was $180. That the rental value thereof since December 24, 1891, is $24." The conclusion of law founded upon the foregoing facts

was that the defendant, being an innocent purchaser
of the property for value, without notice, was entitled
to the ownership and possession of the same.    Our
examination of the evidence leads us to the conclusion
that the findings of fact by the district court are fully
supported, and that we ought not to interfere with the
judgment on the ground that it is contrary to the
evidence.

II.   A motion by plaintiff for a continuance of the
case to a later day in the term of court, on account of
the absence of a witness, was overruled.   This ruling of
the court is assigned as error, and discussed in argu-
ment.   Without setting out the facts attending the
application for postponement, it is sufficient to say that
we discover no abuse of the discretion of the court in
overruling the motion.

III.   The only real question presented by the
appeal involves a construction of section 1922 of the
Code, which is as follows:   "No sale, contract, or lease
wherein the transfer of title or ownership of personal
property is made to depend upon any condition shall be
valid against any creditor or purchaser, of the vendee
or lessee in actual possession, obtained in pursuance
thereof without notice, unless the same be in writing,
executed by the vendor or lessor, acknowledged and
recorded the same as chattel mortgages."   Prior to the
passage of this act the law of this state was that an
innocent purchaser of property from one who held it
under such a contract as was made by the plaintiff with
Meecham acquired no title to the property as against
the original owner, unless the original transaction was
fraudulent.   *Bailey v. Harris,* 8 Iowa, 331; *Robinson v.
Chapline,* 9 Iowa, 91; *Baker v. Hall,* 15 Iowa, 277;
*Moseley v. Shattuck,* 43 Iowa, 540.   This statute was
enacted to prevent the injustice to subsequent pur-
chasers which might result by reason of a transfer of
the possession of property, by way of sale, with a secret

reservation of the title in the seller. Counsel for appellant contends that as McGlashon made his purchase from Meecham with knowledge of the terms of the original sale, and that as the property had not been paid for by Meecham, he was not entitled to the protection of the law, and, as the defendant was not a purchaser from the original vendee, he is not within the terms of the statute. It is true that the statute, by a strict literal construction, applies only "to any creditor or purchaser of the vendee." But consideration must be given to the object and intent of the law, and to the evil or wrong intended to be corrected thereby. It was the right of Meecham to assign his interest in the property to McGlashon, with notice of the rights of the cash-register company; and Maloney, when he made his purchase, in ignorance of the conditions upon which the title to the property depended, ought to be protected the same as if he had purchased directly from Meecham without the intervention of the claim of McGlashon, who held the property by precisely the same right which Meecham had. The construction of the law as contended for by appellant seems to us to be too narrow and restricted, and, in our opinion, the district court correctly held that, as Maloney purchased the property without notice, the conditions of the original sale are invalid as to him. The judgment of the district court is *affirmed*