THE NATIONAL CASH REGISTER COMPANY, Appellant, v. J. C. BROEKSMIT AND J. W. HAYES.

**Attachment Levy: PROPERTY HELD ON CONDITIONAL SALE:** *Notice to Officer.* A levy of an attachment on all the goods, wares, merchandise, furniture, and fixtures "belonging to" defendant, and contained in a certain building, covers an article sold to defendant on condition that the title is not to pass from the seller until the purchase price is paid in full, where the contract of sale is not recorded, and neither the officer making the levy nor the attachment creditor had notice of the existence of the condition, when the levy was made.

**Levy: ABANDONMENT.** The abandonment of personal property by the receiver of a corporation by failing to inventory and appraise it, and to include it in a sale of the property of the corporation, does not constitute an abandonment of a levy legally made by him as marshal prior to his appointment as receiver, in an attachment issued at the instance of a creditor who subsequently became a purchaser at the receiver's sale.

*Appeal from Linn District Court.*—HON. WILLIAM P. WOLF, Judge.

MONDAY, OCTOBER 18, 1897.

ACTION to recover possession of a certain cash register and damages for the retention thereof. The issues and facts appear in the opinion. The case was tried to the court, and judgment rendered in favor of the defendant. Plaintiff appeals.—*Affirmed.*

*U. C. Blake* and *Jno. M. Redmond* for appellant.

*C. J. Deacon* for appellee.

GIVEN, J.—I.   The case was submitted upon an agreed statement of facts and the testimony of A. R. West, called by the defendant. The facts necessary to be noticed are as follows: On August 4, 1893, the plaintiff corporation sold the cash register in controversy to a corporation known as the "Cone Company," then engaged in the jewelry business in a room known as "No. 17 South Third Street," Cedar Rapids, Iowa. The contract of sale is in writing, and shows the price to be two hundred and twenty-five dollars, with a deduction of forty-five dollars "allowed for a Peck register," the balance to be paid in monthly payments of fifteen dollars. The contract contains the following: "It is agreed that the title of the said cash register shall not pass until the same is paid for in full, and shall remain your property until that time." It also provides that, "in default of any payment, you or your agent may take possession and remove said cash register without legal processes." It also provides: "Should there be any default in the payment of any note, it is agreed that all the remaining notes shall at once become due and payable, anything in the notes to the contrary notwithstanding." Said cash register was delivered to the Cone Company prior to November 15, 1893, and upon delivery was placed and thereafter used in said store as a part of the furniture and fixtures

thereof. The Cone Company made default in the payment due February 15, 1894, and there is one hundred and seventy-five dollars, with interest from July 4, 1895, due to the plaintiff from the Cone Company, under said contract. Said contract was not filed for record. On December 29, 1893, defendant Broeksmit commenced an action, aided by attachment, to recover three thousand, five hundred dollars and interest from said Cone Company. An attachment was issued and delivered to A. R. West, marshal of the city of Cedar Rapids, whose return shows that on December 29, 1893, at 11:30 o'clock A. M., he attached, assessed, levied upon, and took possession of, the following described personal property, as the property of the defendant, Cone Company, to-wit: "All of the goods, wares, and merchandise of every description, furniture and fixtures, contained in the building known as 'No. 17 South Third Street,' Cedar Rapids, Iowa, consisting of jewelry, clocks, watches, furniture, fixtures, safes, silverware, opera glasses, pens, chinaware, tools, and all other property contained in said No. 17, in the basement and all parts of said No. 17, occupied by the defendant Cone Company, and belonging to the said company." It appears that neither Broeksmit nor West had at that time any notice of said contract of purchase. The cash register in controversy was in said room at that time. February 6, 1894, judgment was rendered in favor of Broeksmit, against the Cone Company, for the amount claimed. On December 30, 1893, the Kimball Building Company commenced an action, aided by landlord's attachments, against the Cone Company, for rent then due for the use of said room No. 17, asking that a receiver be appointed. Said A. R. West was appointed receiver. Broeksmit and other defendants answered in said action of the Kimball Company. The receiver filed an

inventory and appraisement of the goods, furniture, and fixtures, enumerating the various items, but not mentioning said cash register. Mr. West gives as a reason that after the levy, and before the making of said inventory, he had been informed that the plaintiff made some claim to said cash register. Such proceedings were had that thereafter said receiver was ordered to sell said property belonging to said Cone Company, and he sold the same to defendant Broeksmit for three thousand dollars, and for which property the receiver executed to the purchaser a bill of sale, which was thereafter approved by the court. The cash register still remained in said storeroom; and, all the goods sold being therein, the receiver made delivery by turning over the keys to the room to the purchaser. It does not appear why J. W. Hayes was made a defendant, and the case is submitted as between the plaintiff and defendant Broeksmit.

II. Plaintiff submits, as the first question, "whether or not there was, in fact and in law, a valid levy or attachment on the register." According to the return, a levy was upon "all goods, wares, merchandise, furniture, and fixtures contained in said building, belonging to the Cone Company." We do not understand plaintiff to question the sufficiency of this levy as to property belonging to the Cone Company, but contend that as, under the contract, title to the cash register was not to pass to the Cone Company until paid for in full, and not being paid for in full, it did not belong to the Cone Company, and was therefore not covered by the levy. Under the conditions of the contract and the fact that the register was not paid for in full, title did not pass to the Cone Company as between the parties to the contract, but not so as to third persons who did not have notice of this condition in the contract. The officer executing the attachment found the cash register in the store of the Cone

Company, and in use by that company as a part of its furniture and fixtures, and having no notice of plaintiff's rights under said contract, included it in his levy. In the absence of the recording of said contract and of notice of its existence, the officer and the defendant Broeksmit had a right to treat the cash register as the property of the Cone Company. We think that, under the facts, the levy was sufficient to include the cash register.

III. Mr. West held the property levied upon until he was appointed receiver, and, as receiver, he had a detailed inventory and appraisement thereof made, which did not include the cash register. Mr. West says it was not inventoried and appraised, "for the reason that after I took possession as receiver, and before I had an opportunity to make an inventory under my levy, Mr. Blake notified me of the claim for the cash register, and informed me of the conditions of the contract; and, there being a question about it, I didn't put it in the inventory here as receiver for that reason, leaving the matter to be adjusted in the future by the parties." Plaintiff contends that the order of sale, the sale, and bill of sale made by the receiver to the defendant Broeksmit were only of the goods inventoried and appraised, and did not include the cash register. Whether this be true or not we need not determine; for, if it be conceded, still, we think, the plaintiff is not entitled to possession of the register as against the defendant. By the levy of his attachment, the defendant Broeksmit became entitled to have said cash register, as well as the other property levied upon, applied to the payment of his judgment against the Cone Company, subject only to the claim for rent, and that the proceeds arising from the sale made were insufficient to satisfy defendant's judgment. It is contended that as West, as receiver, did not include the register in his inventory, he must be held to have abandoned his levy thereon. While it may be that

West, as marshal, might abandon the levy under certain circumstances, yet, as receiver, he could not abandon the levy legally made by him as marshal, so as to defeat the right of the attaching creditor under the valid levy. There was a valid levy upon the cash register. There has been no abandonment of that levy; and though it be true as claimed, that it was not included in the receiver's sale, the valid levy still continuing, the plaintiff is not entitled to possession of the register as against the levy. It follows from these conclusions that the judgment of the district court must be AFFIRMED.