NATIONAL CASH REGISTER COMPANY, Appellant, v. C. H. SCHWAB & CO. AND J. AKERS.

**Conditional Sale: VALIDITY:** *Seller retaining title by recorded bill of sale.* Under Code 1873, section 1922, declaring that no conditional sale shall be valid against a creditor of the buyer in actual possession thereunder, without notice, unless in writing, executed by the seller, and acknowledged and recorded the same as a chattel mortgage, a bill of sale wherein title to the goods was retained by the seller till full payment, executed by the seller, and acknowledged and recorded, was sufficient to protect the seller's right to such goods against a subsequent creditor of the buyer, though such instrument was not executed by the *buyer.*

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

WEDNESDAY, MAY 23, 1900.

THIS is an action in replevin. It was tried without a jury, and comes here on a certificate of the trial judge. The facts will be found in the opinion. From a judgment in favor of defendants, plaintiff appeals.—*Reversed.*

*John M. Redmond* for appellant.

No appearance for appellee.

WATERMAN, J.—Plaintiff sold to one W. W. Burns, on partial credit, a machine called a "cash register." It executed at the time a bill of sale, one of the provisions of which was that it should retain title until full payment was made. This instrument was duly acknowledged and recorded in Linn county. Thereafter, the defendants · Schwab & Co., having a judgment against Burns, and without actual notice of plaintiff's rights, procured an execution thereon, which

was levied upon this machine by Akers, who is a constable. The present action in replevin was then brought. Section 1922, Code 1873, under which this controversy arose, is as follows: "No sale, contract or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages." The question we have to determine is, who must execute the written instrument in order that the right referred to in this section may be saved? Should it have been signed by Burns, or is it enough that it was executed by plaintiff? It may be thought it would be more logical to have the instrument executed by Burns, but this is not enough to warrant us in ignoring the plain terms of the statute. It is the vendor or lessor who must do so, and Burns is not described by either term. In some cases where the first vendee has sold or leased, and his grantee or lessee is asserting rights, the original purchaser or lessor might be included in or described by the terms vendor or lessor; but the statute covers other cases, and in the one at bar, where it is a subsequent creditor who makes claim, the terms of the statute exclude the idea that the first vendee is the person who is to execute the instrument provided for. In our opinion, the statute is so plain and clear as not to be open to construction. The sale shall be valid against any "creditor" (Schwab & Co.) of the "vendee" (Burns) when the same is in writing, executed by the "vendor" (plaintiff). No other construction will harmonize and give effect to the language used. The judgment must be REVERSED.