SELINA F. BROWN V. JOSEPH G. SLOAN, SHERIFF.

·FILED JANUARY 23, 1901. NO. 11,350.

1. **Fraudulent Transfer:** GUILTY KNOWLEDGE: CONSTRUCTIVE NOTICE. Where a vendor sells and transfers his property with the intent and purpose of hindering, delaying, or defrauding his creditors, and .the vendee purchases such property with knowledge of the fraudulent intent of the vendor, or knowledge of such facts and circumstances as would put a prudent man on inquiry, which, if pursued, would lead to a knowledge or notice of the fraudulent purpose of the vendor, such sale and transfer is fraudulent and void as to the creditors of such vendor.

2. **Instructions.** Instructions copied in the opinion *held* to correctly state the law and to have been properly given.

3. ———. Instructions requested and refused *held* properly refused.

4. **Evidence:** VERDICT: JUDGMENT. Evidence examined, and *held* to support the verdict of the jury and the judgment rendered thereon.

ERROR from the district court for Pawnee county. Tried below before STULL, J. *Affirmed.*

*Thomas H. Matters, Henry Matters* and *A. S. Tibbets,* for plaintiff in error.

*Story & Story, G. E. Becker* and *Lindsay & Raper, contra.*

HOLCOMB, J.

The controversy in this action arises between the creditors of one Rosina Marquardt and the plaintiff in error, Selina F. Brown, over a stock of merchandise formerly owned by, or in the name of, said Marquardt, and of which the plaintiff in error claims the ownership by purchase. Marquardt and Place were the owners of a stock of merchandise located at Burchard. Selina F. Brown was also engaged in the same business at the same place. It is disclosed by the evidence that in April, 1891, Marquardt, being indebted for merchandise in the sum of three or four thousand dollars, sold her interest in the entire stock of goods, being two-thirds thereof, and the

goods were immediately divided, the plaintiff in error taking Marquardt's two-thirds interest as the vendee. These transactions were made by D. F. Marquardt, the son of Rosina Marquardt, and who was conducting the business in her name. There is some evidence tending to show that Marquardt first sold to one Coates, a clerk in the store of plaintiff in error, he, in turn, selling to Brown. However this may be, the transactions were engaged in and consummated on behalf of the purchaser by one J. D. Brown, the husband and business manager of plaintiff in error, and who had knowledge of all the facts and circumstances surrounding the one or the two transactions, as the case may be. It is quite apparent that Brown stood in no more favorable light than did Coates, conceding him to have been the purchaser in the first instance. The consideration for Marquardt's interest in the stock of goods was two quarter sections of land in Brown county of uncertain value. A deed to one of the quarters was executed in favor of D. M. Marquardt's wife, and a bond for a deed to the other quarter was made out also in favor of the wife of D. M. Marquardt. The question whether the sale of goods by Marquardt was with the intent to hinder, delay and defraud the creditors of Rosina Marquardt was fairly submitted to the jury, and that such fraudulent intent did exist, as found by the jury, we are satisfied is amply sustained by the evidence.

The gist of the controversy is as to whether the transfer can and should be avoided as to the purchaser, the plaintiff in error, and the title by which she claims divested for the benefit of the attaching creditors of Marquardt. It is insisted by counsel that she purchased the goods in good faith and for a full and valuable consideration, and without any participation in any fraud that may have been intended or practiced by the vendor, and that her title and ownership can not be successfully assailed. It is urged that error was committed by the trial court in submitting this question to the jury, in that it was not

required that before the sale could be avoided as to the vendee, Brown, the jury must find, not only that the vendor entertained a fraudulent design in the sale of his property, but also that the vendee participated therein, and that mere knowledge on her part of the fraudulent intent of the vendor is not sufficient to avoid the sale as to her. The court instructed the jury on this point as follows: "The court instructs the jury, that the law requires a debtor to act in good faith with his creditors and apply his property not exempt, if need be to the payment of his debts. If he attempts to evade this duty and for the purpose of hindering, delaying or defrauding his creditors transfers his property to others with knowledge on the part of such grantees of such intent, such grantees will take no title to such property as against such creditors, proceeding to the collecting of their claims by attachment upon said property." Also: "The court instructs the jury that if they believe from the evidence that the property in controversy was sold by Marquardt, and in making such sale it was the intent of the seller to hinder, delay or defraud his creditors, and the plaintiff purchased such goods and by herself or by her agent acting for her participated in such fradulent purpose or at or before the time such sale was made had knowledge of such facts and circumstances as would have aroused the suspicions and have put a reasonably prudent man upon inquiry, which inquiry, if pursued, would have led to the knowledge or notice of such fraudulent intent on the part of the seller, then in such case the plaintiff took no title to the property so conveyed as against the creditors of the seller, and the fact that the plaintiffs may have paid a valuable consideration or even full value for the goods will not render such sale good as against the creditors." Both instructions are excepted to, and it is argued that the instructions are erroneous because the law is therein held to be that the fraudulent transfer of property by a vendor is invalidated as to the vendee, if she had knowledge of the fraudulent intent of the vendor,

or knowledge of such facts and circumstances as would put a prudent man upon inquiry, which, if pursued, would lead to knowledge, or notice of the fraudulent purpose of the vendor.  We understand these two instructions correctly to state the law, as has been repeatedly held in this jurisdiction. *Bollman v. Lucas*, 22 Nebr., 796; *Sunday Creek Coal Co. v. Burnham*, 52 Nebr., 364; *Savage v. Hazard*, 11 Nebr., 323; *Temple v. Smith*, 13 Nebr., 513; *Beels v. Flynn*, 28 Nebr., 575; *Farrington v. Stone*, 35 Nebr., 456; *Edwards v. Reid*, 39 Nebr., 645.  These instructions, with others of the same character, were applicable to the evidence, correctly stated the law and were properly given to the jury.  The instructions requested by plaintiff in error were drawn on the theory that active participation on the part of the vendee in the fraudulent purposes of the vendor was required to be established by the evidence before the sale could be avoided as to such purchaser. These, as we have seen, do not accord with the principle enunciated in this jurisdiction, and were, therefore, properly refused.

We find no error in the record.  The verdict of the jury is supported by the evidence, the judgment is in conformity with law, and should be

AFFIRMED.