NATIONAL CASH REGISTER COMPANY v. H. A. ZANGS and TOSITTI BREWING COMPANY, Appellants.

**Conditional sale:** RIGHTS OF VENDOR: CONSTRUCTION. A written contract of sale of personal property, conditioned that title

shall remain in the vendor until fully paid  for, when recorded, though executed and acknowledged by the vendor alone, is within the provisions of Code, section 2905, and is valid as against a subsequent purchaser from the vendee.

*Appeal from Wapello District Court.*— HON. F. W. EICHELBERGER, Judge.

WEDNESDAY, JULY 12, 1905.

ACTION in replevin to recover possession of a cash register.  Trial to the court on an agreed statement of facts.  Judgment for the plaintiff.  The defendants appeal.— *Affirmed.*

*Smith & Lewis,* for appellants.

*Geo. F. Heindel,* for appellee.

SHERWIN, C. J.— The plaintiff manufactured the register in question, and sold it to the firm of Owens & O'Neil under a written contract signed and acknowledged by the plaintiff and duly recorded.  The contract provided for a cash payment, and for the execution and delivery of notes for the balance.  It also stipulated that if default was made in any of the payments the plaintiff might take possession of and recover the register without legal process, and that in such case the payments made should be considered as having been made for the use of the register, and that the title thereto should not pass until the purchase price was paid in full.  The cash payment was made by Owens & O'Neil.  Their notes were accepted for the balance of the purchase price, and the register was delivered to them.  Some time after the contract had been duly recorded, Owens & O'Neil sold the register to one McGuire for a valuable consideration, and thereafter McGuire sold it to the defendant the Tositti Brewing Company.  The contract in question was acknowledged only by the plaintiff, and the brewing company, when it

purchased, had no actual notice thereof. The question for determination is whether the contract comes within the provisions of section 2905 of the Code, which provides that;

no sale, contract or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages.

The appellee contends that under the contract the sale of the register was a conditional one within the meaning of the statute, while the appellant's contention is that it was an absolute sale, that the contract was in fact a mortgage, and that the plaintiff had only a lien on the register to secure the payment of the notes taken for a part of the purchase price. As we look at the question, it has already been determined by the decisions of this court. Prior to the enactment of this statute, it had been held that an innocent purchaser of property from one who held it under such a contract acquired no title thereto as against the original owner, unless the original transaction was fraudulent. *Cash Register Co. v. Maloney,* 95 Iowa, 573, and cases cited therein. And the statute was enacted to protect purchasers against the secret transfer of property, even if there was no fraud in the transaction. The language of the statute is plain, broad, and direct. It says that no sale, contract, or lease wherein the title or ownership is made to depend upon any condition shall be valid, etc. The contract under consideration expressly provided that the title should remain in the vendor until the register was fully paid for, and, further, that it might be taken without legal process upon a default in any payment; and the fact that the vendees had made an absolute contract to pay for the property, and had given their notes for a part of the purchase price, can make no difference under the statute. Similar contracts have been

construed, and held to be within the provisions of the statute, in the following cases: *Singer Sewing Machine Co. v. Holcomb,* 40 Iowa, 33; *Moline Plow Co. v. Braden,* 71 Iowa, 141; *Gaar, Scott & Co. v. E. W. Nichols,* 115 Iowa, 223; *Donnelly v. Mitchell,* 119 Iowa, 432; *Cash Register Co. v. Maloney, supra; Cash Register Co. v. Broeksmit,* 103 Iowa, 271. And in *National Cash Register Co. v. Schwab,* 111 Iowa, 605, where we expressly held that an almost identical contract of sale was to be governed by the provisions of section 2905, and that its acknowledgment by the vendor entitled it to record, and that the record thereof was constructive notice to creditors or subsequent vendees. The cases which we have cited are controlling, and we need not review the decisions of other courts upon which the appellants rely. The judgment is *affirmed.*