### · OF THE

## STATE OF IOWA

### AT

## DES MOINES, SEPTEMBER, 1912, AND JANUARY AND MAY TERMS, 1913.

### AND IN THE SIXTY-SIXTH YEAR OF THE STATE.

---

JOHN ASHLEY, Administrator of the Estate of JAMES ASHLEY, deceased, Appellee, v. IKE KEENAN, Appellant.

Chattel mortgages: DESCRIPTION: SUFFICIENCY. The description and location of property in a chattel mortgage must be sufficiently specific to enable a person not a party to the instrument to identify the same, in order that the record may constitute notice to a purchaser from the mortgagor. In the instant case the description being of "all" the property owned by the mortgagor of such description, and as being in the possession of the mortgagor at his "premises in Monona County, Ia.," is held sufficient.

Same: PAYMENT: EVIDENCE. In this action by the holder of a chattel mortgage to recover part of the mortgaged property from

a purchaser from the mortgagor, the evidence* is held sufficient to support a finding that the mortgage had not been paid.

**Same:** RECOVERY OF PROPERTY BY MORTGAGEE: ESTOPPEL. The fact that a chattel mortgagor retained possession of the property, managed, used and controlled it in the usual way, that sales were made from the same and applied on the mortgage debt and that numerous payments were made covering a series of years, did not estop the mortgagee from recovering certain of the property sold by the mortgagor to a third party.

**Same:** EVIDENCE. In an action by a chattel mortgagee to recover possession of mortgaged property, a conversation of the mortgagor with a relative of the mortgagee, who had no interest in or control over the mortgage, in which the mortgagor stated that he intended to apply the proceeds of certain cattle he was about to sell upon the mortgage debt, was immaterial and properly excluded.

*Appeal from Monona District Court.*—HON. DAVID MOULD, Judge.

TUESDAY, OCTOBER 22, 1912.

THIS is an action of replevin. The property in controversy is a team of horses and wagon. The plaintiff claims the possession thereof by virtue of a chattel mortgage executed by one F. E. MacNutt on January 10, 1907. The defendant claims the property under an alleged purchase of the same from said F. E. MacNutt subsequent to the execution of the mortgage. At the close of the evidence, the trial court directed a verdict for the plaintiff. Defendant appeals.—*Affirmed.*

*J. A. Prichard* and *Miles W. Newby,* for appellant.

*C. E. Cooper,* and *J. W. Anderson,* and *T. R. Ashley,* for appellee.

EVANS, J.—Plaintiff's mortgage was duly recorded. The defendant contends that the description of the property

contained in the mortgage was so indefinite that the record-
ing thereof imparted no constructive notice. He contends,
also, that he was a good faith purchaser for value without
notice. He further contends that the mortgage debt was
paid, and mortgage thereby satisfied. He also pleads an
estoppel, and contends that the plaintiff is estopped by his
conduct from claiming the property.

I. The mortgage was given to secure a promissory
note for $1,964.88. The description of property contained
in said mortgage is as follows: "The following goods and

1. CHATTEL
MORTGAGES:
description:
sufficiency.

chattels, to wit: 12 head of horses, mares
and colts of different colors, all the horses,
mares and colts I own, average value of $100
each; two wagons new and complete, Lansing, 3 and ¼
inches, one single seat top buggy, 3 sets of double work
harness, one light, two heavy harness, one Deering corn
binder, three milk cows, all red and branded 'F' on right
hip, 11 calves 1 year old, spring of 1907, to be branded
'F' on right hip, three sucking calves, 16 brood sows, 500
cords of wood on what is known as Holman's Island. Mac-
Nutt further agrees to give as further security to the note
secured hereby a chattel mortgage on 200 acres of small
grain in spring of 1907. The above-described property
is now in my possession and owned by me free from all
incumbrance in all respects. To have and to hold the same
forever." The mortgage further provided the mortgagor
should not remove any part of the mortgaged property
"from the said county of Monona." It also provided that,
in case of sale of the property under the mortgage, "said
sale to take place at the premises in the county of Monona
and state of Iowa."

Appellant's principal argument is that the mortgage
does not locate the property in any sense, and that its
identification, therefore, is impossible under the terms of
the mortgage. In *Rhutasel v. Stephens,* 68 Iowa, 627, it
was held that the following was not a sufficient description

"one span of colts, three years old, one gray and one bay." In the same case it was held that "all my stock of hogs" was a sufficient description to enable a person not a party to the instrument to identify the property. In the mortgage before us the property is described as being "all" the property owned by the mortgagor of such description, and as being in the possession of the mortgagor at his "premises in Monona County, Iowa." The method of description is almost identical with that shown in *Wells v. Wilcox*, 68 Iowa, 709. See, also, *Wheeler v. Becker*, 68 Iowa, 724; *Brock v. Barr*, 70 Iowa, 400. Following these cases, the description in plaintiff's mortgage must be held good. Our conclusion at this point renders it unnecessary that we consider the question whether defendant was an innocent purchaser for value. The record of the mortgage imparted constructive notice which was as effective against the defendant as actual notice.

The defendant pleaded payment. He contends that there was sufficient evidence of payment to go to the jury. The defendant made certain admissions in his pleadings, and also upon the trial, and thereby took the burden of proof. He called the plaintiff "administrator" as a witness, and examined him on the subject of payment. The note was produced by this witness showing all payments thereon. According to the testimony of this witness, more than $900 remained unpaid upon the note at the time of the beginning of this action. The present plaintiff is the son and administrator of the original plaintiff, and had personal knowledge of the business in relation to such note. This testimony is in no manner contradicted or discredited. The only evidence pointed out by appellant as tending to prove payment is the fact that the original mortgage was not produced upon the trial, although the original note was. The plaintiff testified that he had been unable to find the original mortgage and a certified copy was used in evidence

*2. SAME: payment: evidence.*

in lieu thereof.   There was no evidence that it had ever been surrendered to the mortgagor, or that it had been in his possession since it was executed.

III.   It is next urged that the plaintiff was estopped by his conduct from claiming the property under his mortgage.   The defendant purchased the property in 1909.

3. SAME: recovery of property by mortgagee: estoppel.

This suit was not begun until May, 1911, over four years after the date of the mortgage.   Many partial payments had been made upon the note covering the entire period.   The mortgagor was in possession of the property, and managed, used, and controlled it in the usual way.   Some sales had been made, and the proceeds thereof applied upon the note.   The circumstances of the making of these sales do not appear. The substance of the contention of appellant is that he was misled by the apparent ownership and control of the property by MacNutt.   Authorities are cited to us from other states that such use and control of the property by the mortgagor is inconsistent with the mortgage, and tends to its defeat against innocent purchasers.   Such a view is not in accord with the spirit of our statutes, nor with the holdings of this court.   One of the purposes of the recording statute in such a case is to permit the mortgagee to hold the constructive possession of the property and the right of actual possession as security for the debt, and yet permit the mortgagor as holder of the title to the property to continue in the actual possession of the property and in the care and use thereof until the enforcement of the mortgage be had.   This is a humane method of business, and operates to the great advantage of the mortgagor, and without detriment to any other person.   The record was as available to the defendant as any other form of notice. There is no evidence of any act of any kind on the part of the mortgagee which tended in any way to waive his mortgage, except his long sufferance and delay in enforcing the same.

IV. The defendant offered to prove a conversation between the mortgagor and one Thomas Ashley. It was made to appear that there was an occasion when the mortgagor had sold some cattle to one Byram. Defendant proposed to show that the mortgagor had said to Thomas Ashley that he would apply the proceeds of such cattle on plaintiff's mortgage. This evidence was ruled out upon objection, and complaint is made of the ruling. The ruling was clearly right. If it had been admitted, it would prove nothing material to be considered. Thomas Ashley was a nephew of the mortgagee. He had no interest in the mortgage nor any authority over it. It was not proposed to prove that the proceeds were, in fact, paid to him nor to the mortgagee. That the mortgagor should say that he would do it was not the equivalent of doing it. The rejected evidence had no tendency to prove either payment or estoppel.

*4. Same: evidence.*

The trial court properly directed the verdict, and its judgment must be—*Affirmed.*