H. F. KAMMEIER, Appellant, v. G. E. CHAUVET et al., Appellees.

SALES: Conditional Sales—Chattel Mortgage—Title Not Passing
1    until Price Paid. A contract specifically providing that title shall not pass until the full amount of the purchase has been paid, is a conditional sale contract, and not a chattel mortgage, there being nothing in the facts and circumstances surrounding the transaction to indicate a different intention.

SALES: Conditional Sales—Lien and Priority—Description of Property
2    erty—Sufficiency to Impart Notice. Although a description of property in a recorded conditional sale contract, standing alone, might not be sufficient for constructive notice, yet it will give constructive notice to third parties where, taking the contract as a whole, it is sufficiently definite to suggest such inquiry as would enable a person examining the record to locate and identify the property.

**SALES:** Conditional Sales—Recording Acts—In County Where Prop-
3   erty Delivered and Purchaser Shortly after Resides.  A condition-
al sale contract, filed in the county where the property was de-
livered, and where purchaser shortly after moves with his fam-
ily, with the purpose of claiming it as his residence, was re-
corded in the right county.  Section 2906, Code, 1897.

**SALES:** Conditional Sales.  Where a conditional sale contract of
4   property provided that 40 per cent of the money earned with
said property by the purchaser should be applied on the pur-
chase price, a subsequent mortgagee could not contend that
the amount due was automatically reduced by 40 per cent of
the amount earned, where the parties to the sale contract made
no such application.

*Appeal from Hancock District Court.*—C. H. KELLEY, Judge.

MARCH 21, 1919.

REHEARING DENIED JULY 7, 1919.

SUIT in equity to foreclose a chattel mortgage.  The
issues and material facts are stated in the opinion.—*Af-
firmed.*

*Thompson, Loth & Sifford,* for appellant.

*Senneff, Bliss, Witwer & Senneff,* for appellees.

STEVENS, J.—On September 8, 1915, M. S. Burgitt and
W. D. Thomas entered into a contract in writing with the
defendant Chauvet, by the terms of which, for a considera-
tion of $2,300, they sold and conveyed the property in con-
troversy, consisting of horses, wagons, harness, and tile
racks, to the latter.  Chauvet agreed therein to haul tile and
fill all tiled ditches in Drainage Districts Nos. 3 and 46 in
Hancock and Kossuth Counties, which were being construct-
ed by Burgitt and Thomas, 40 per cent of the total amount
earned monthly to be paid on the purchase price, the bal-
ance, of 60 per cent, in cash.

On December 1, 1915, the parties made a settlement,
and $900, which was 40 per cent of the amount earned to

that date, was credited upon the note. Chauvet did not thereafter render a statement of the amount due him monthly, nor was any portion thereof applied upon the note, but the full amount earned was paid to Chauvet or to his creditors, upon orders from him. The contract further provided that title to the property sold should remain in the vendors until fully paid for. The contract was signed by all of the parties, and recorded in Hancock County. On October 12, 1916, Chauvet and wife executed a chattel mortgage to plaintiff upon said property, together with other property, to secure the payment of notes aggregating approximately $900. This mortgage was recorded in Hancock County, October 17, 1916. Burgitt claims a balance due on the $2,-300 note of $1,400 and interest. Burgitt took possession of the property and sold it, and holds the proceeds by agreement of the parties, subject to the final decision of the questions involved herein.

It is contended by appellant: (a) That the description in the contract is too vague and indefinite to impart constructive notice, and that, at the time the mortgage was executed to plaintiff, he was without notice of defendant's contract; (b) that the instrument was recorded in the wrong county; (c) that same was improperly indexed by the county recorder, as it is, in fact, a chattel mortgage, and not a conditional contract of sale; (d) that the provision of the contract requiring the payment of 40 per cent of the total amount earned monthly operated automatically to reduce the indebtedness monthly to that amount.

I. The contract, as before stated, specifically provided that title should not pass to the purchaser until the full amount of the purchase price had been paid. There is nothing in the contract, or in the circumstances or facts surrounding the transaction, to indicate a different intention. The contract was not, therefore, a mortgage, but a conditional sale contract. *National Cash*

1. SALES: conditional sales: chattel mortgage: title not passing until price paid.

*Reg. Co. v. Schwab & Co.,* 111 Iowa 605; *Donnelly v. Mitchell,* 119 Iowa 432; *National Cash Reg. Co. v. Zangs,* 127 Iowa 710.

II. The description of the property in the contract is not very satisfactory. Standing alone, it would, under many decisions of this court, probably be insufficient; but, when considered in connection with the con-

2. SALES: conditional sales: lien and priority: description of property: sufficiency to impart notice.

tract as a whole, ready means of identification is suggested thereby. The color and weight of the horse and ownership of the property are set out in the contract, which provides that, as a part of the consideration therefor, Chauvet agrees to haul all tile and fill all tile ditches on Drainage Districts Nos. 3 and 46, Hancock and Kossuth Counties, Iowa, which drainage district was being constructed by the vendors, and the property was used for that purpose. The location of the property at the time of the execution of the instrument is not stated, nor does it appear specifically therefrom that same was, at the time, in the possession of the vendors; but it is apparent that plaintiff was furnished with information suggesting such inquiry as would have resulted in identifying the property. It is enough if the description is sufficiently definite to suggest such inquiry as would enable a person examining the record to locate and identify the property. *Smith & Co. v. McLean,* 24 Iowa 322; *Wells v. Wilcox,* 68 Iowa 708; *Ashley v. Keenan,* 157 Iowa 1, 2; *Brock v. Barr,* 70 Iowa 399, 400; *Westinghouse Co. v. McGrath,* 131 Iowa 226. We think, therefore, that the description, taken as a whole, was sufficient to impart constructive notice.

III. It is further claimed by counsel for appellant that the instrument should have been recorded in the county in which Chauvet lived at the time of its execution. Al-

though the contract was dated September 8th, the property was not to be delivered until September 20th, and it is argued by counsel, without contradiction, that the property was turned over to Chauvet on that date. While he is described in the instrument as residing in Winnebago County, he received the property in Hancock County, and, about October 1st, moved his family to that county, and testified as a witness that it was for the purpose and with the intention of claiming same as a residence. The contract was, therefore, recorded in the right county. Section 2906, Code.

*3. SALES: conditional sales: recording acts: in county where property delivered and purchaser shortly after resides.*

IV. But it is contended that the recorder failed to properly index the recording of said instrument, and that, therefore, the same did not impart constructive notice. This contention is based upon the thought that Chauvet's name should have appeared in the index as mortgagor, and those of Thomas and Burgitt as mortgagees; but, as the contract was a conditional sale contract, this contention is without merit. Sections 2906, 2907 of the Code; *National Cash Reg. Co. v. Schwab,* supra; *Zacharia v. Cohen Co.,* 140 Iowa 682.

V. The remaining question is whether, under the terms of the contract, 40 per cent of the amount earned monthly by Chauvet automatically reduced the amount of the note to that amount. Counsel rely upon *Ross v. Crane,* 74 Iowa 375, and *Morton v. Woods,* 154 Iowa 728, to sustain their contention upon this point. In both of the cited cases, the controversy was between a creditor and a debtor, the latter claiming that he had paid the indebtedness strictly in accordance with the contract, and that the creditor was compelled to so treat it. In the former, Ross purchased a horse from Sealine, giving a note and mortgage back for the purchase price, which were subsequently transferred to plaintiff. Upon the transfer, it was agreed that Ross should use

*4. SALES: conditional sales.*

the horse to haul cream, the earnings to apply upon the mortgage debt. The work was done, and the court held that the purchaser was entitled to credit therefor. The principle upon which the decision in *Morton v. Woods,* supra, is based, is the same as in the *Ross* case, and need not be specially distinguished from the case at bar.

Chauvet made no statement to Burgitt of the amount earned under the contract, and no settlement was had between them. The total amount earned, however, was paid to Chauvet, or to his creditors upon orders signed by him. It is stipulated that neither Thomas nor Chauvet had actual knowledge of plaintiff's mortgage. No contention is made herein by Chauvet, the debtor. It is apparent, from what has been said, that Burgitt has not been paid for the property, and that, under the terms of the conditional sale, title did not pass to Chauvet on that account, and therefore his claim is senior to the claim of plaintiff.

It follows that the decree of the court below, finding in favor of Burgitt, must be—*Affirmed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.