C. B. STULL, Appellee, v. S. DAVIDSON & BROS., INCORPORATED, Appellant.

No. 40480.

NOVEMBER 18, 1930.

*J. A. Ralls* and *R. R. Nesbitt,* for appellant.

*X. Q. Lindell,* for appellee.

GRIMM, J.—On March 15, 1929, the plaintiff filed in the municipal court of the city of Des Moines a petition seeking to recover from the defendant the sum of $25 and interest, claim-

ing that, on August 29, 1927, the plaintiff executed and delivered to the defendant ''his one certain indenture called bill of sale (conditional) ;'' that the same was recorded on September 3, 1927, in the office of the recorder of Polk County, Iowa; that, on October 16, 1928, the plaintiff paid the full amount due under the said indenture; that, on January 14, 1929, the plaintiff made a demand upon the defendant for a release and return of said indenture; that, on February 8, 1929, the plaintiff made a *written* demand on the defendant for the release of said indenture. Then there is the charge that the defendant neglected and refused to release and satisfy the said indenture, as provided by Section 12385 of the Code of 1927. The defendant answered by way of general denial, with some specific affirmative allegations.

The case comes to this court on the certificate of the trial judge and upon an agreed statement of facts. This agreed statement of facts contains, among other things, the following:

''That, on or about the 29th day of August, 1927, the plaintiff purchased certain goods, wares, and merchandise, household furniture and furnishings, from the defendant herein, under a *conditional bill of sale,* leaving title in the vendor until the full amount of the purchase price was paid.

''That said *conditional bill of sale* was not recorded at length in the recorder's office, but that the original was duly filed in the office of the recorder of Polk County, Iowa. * * *

''That, on or about the 13th day of March, 1929, the defendant herein released the said *conditional bill of sale* in the office of the recorder of Polk County, Iowa.'' (Writer's italics.)

The instrument referred to in the evidence as a conditional bill of sale is so marked, ''Conditional Bill of Sale,'' and contains, among other things, the following:

''That S. Davidson & Bros., Inc., a corporation of Polk County, Iowa, hereby *agree to sell* to C. B. Stull * * * subject to the conditions hereinafter enumerated * * * and the said purchaser agrees to pay for said property the said sum * * *.

''The title to said property shall remain in S. Davidson & Bros., Incorporated, until said sum with eight (8) per cent per annum interest and cost of enforcing collection by suit or otherwise shall be paid in full, when it shall vest in vendee.'' (Writer's italics.)

The instrument further provides that, in the event of failure on the part of the vendee to perform any one of the stipulations contained in the instrument, the vendor may enter the premises of the vendee and take possession of the property wherever found.

The section under which this suit is brought is 12384 of the Code of 1927, and provides that, "when the amount due on a mortgage is paid off," the instrument shall be satisfied either on the margin or by separate instrument. The trial court found the instrument in question to be a mortgage or pledge, and entered judgment for the plaintiff.

This court has said, in *Kammeier v. Chauvet*, 186 Iowa 958, as follows:

"The contract, as before stated, specifically provided that title should not pass to the purchaser until the full amount of the purchase price had been paid. There is nothing in the contract, or in the circumstances or facts surrounding the transaction, to indicate a different intention. The contract was not, therefore, a mortgage, but a conditional sale contract. *National Cash Reg. Co. v. Schwab & Co.*, 111 Iowa 605; *Donnelly v. Mitchell*, 119 Iowa 432; *National Cash Reg. Co. v. Zangs*, 127 Iowa 710."

See, also, *Murray v. McDonald*, 203 Iowa 418.

There is nothing in the evidence certified to this court to indicate any intention on the part of the parties to this transaction that the title should pass to the purchaser. The language of the instrument is plainly to the contrary. Nor is there anything to indicate that the instrument in question was intended by the parties to be a chattel mortgage, rather than a conditional bill of sale. Moreover, it appears from the agreed statement of facts itself, in at least three places, that the parties hereto denominated the instrument in question a conditional bill of sale. By the terms of the instrument it clearly and unmistakably appears that the title remained in the defendants until the entire agreed price should be paid in full. By the terms of the instrument the defendants had the unqualified right, at any time, to repossess the property in case of failure on the part of the plaintiff to perform any one of the conditions specified in the instrument. There is a total absence of evidence from which any finding that the instrument in question is a mortgage could be

made. Section 12384 of the Code of 1927 does not apply to conditional bills of sale.

The case is ruled by *Kammeier v. Chauvet*, 186 Iowa 958, and it follows that the cause must be, and is,—*Reversed.*

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.