FIRST STATE BANK OF SCOTTSBLUFF, NEBRASKA, A CORPORATION, APPELLEE, v. AUSTIN BEAR, APPELLEE, FILLMORE CO. IMPLEMENT AND IRRIGATION COMPANY, A CORPORATION, INTERVENER-APPELLANT.

110 N. W. 2d 83

Filed July 7, 1961. No. 35010.

*Wright & Simmons* and *James R. Hancock,* for intervener-appellant.

*Neighbors & Danielson,* for appellee First State Bank.

*Andrew K. Parkansky,* for appellee Bear.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action in replevin brought by the First State Bank of Scottsbluff, Nebraska, to recover possession of a farm tractor and combine from Austin Bear. The bank claimed the right to possession of the property by reason of two chattel mortgages from Bear. The Fillmore Co. Implement and Irrigation Company intervened in the action, claiming the right to possession by reason of prior contracts of conditional sale to Andrew Jacox. The matter was tried to the court without a jury and the court found for the bank. The implement company filed a motion for new trial, which was overruled, and it has appealed.

The controversy is between the bank and the implement company. The implement company, as appellant, has assigned as error the finding of the trial court that the bank was entitled to possession of the property, and that the judgment is contrary to the evidence and the law.

An action in replevin in this state is properly triable to a jury. § 25-10,102, R. S. Supp., 1959, and §§ 25-10,103, 25-10,105, R. R. S. 1943. The findings of the trial court in this case have the effect of a verdict of a jury. Dunbier v. Stanton, 170 Neb. 541, 103 N. W. 2d 797. In considering the sufficiency of the evidence to sustain the judgment, the evidence will be considered most favorably to the successful party, any controverted fact will be resolved in its favor, and it will have the benefit of every inference reasonably deducible from

the evidence. Bailey v. Karnopp, 170 Neb. 836, 104 N. W. 2d 417.

The record shows that on February 11, 1959, Jacox purchased the combine and other equipment from the implement company by a contract of conditional sale. On July 12, 1959, Jacox purchased the tractor and other equipment from the implement company by a contract of conditional sale. Although Jacox had been a resident of Scotts Bluff County, Nebraska, since March 1, 1958, the conditional sale contracts were not recorded in Scotts Bluff County until June 2, 1960.

In the fall of 1959, Bear and Jacox entered into a transaction for the feeding of cattle and the operation of a dairy upon a farm owned by Bear. As a part of this transaction Bear purchased certain feed and equipment, including the tractor and combine, from Jacox. Bear was to pay the amount Jacox owed against the equipment.

On September 17, 1959, Bear paid Jacox $500 upon the purchase. Sometime after September 17, 1959, Jacox gave Bear a bill of sale dated September 17, 1959, for the feed and equipment.

On December 10, 1959, Bear gave Jacox two checks totaling $2,150 and borrowed $2,000 from the bank, giving the bank a mortgage upon the tractor. The bank's mortgage was filed in Scotts Bluff County on December 11, 1959. On January 9, 1960, Bear gave Jacox a check for $300. On January 11, 1960, Bear gave Jacox a check for $1,500 and borrowed $2,500 from the bank, giving the bank a mortgage upon the combine. The bank filed this mortgage in Scotts Bluff County on January 12, 1960. The bank had no notice of the conditional sale contracts between the implement company and Jacox.

The appellant's theory of the case is that the bank obtained no liens under the mortgages from Bear because Bear had no title to the property; that the transaction between Jacox and Bear was made with the intent to defraud the creditors of Jacox and was void under

section 36-401, R. R. S. 1943; and that the recording statute applicable to conditional sale contracts, section 36-207, R. R. S. 1943, does not protect a mortgagee of a purchaser from the conditional vendee.

The existence of the fraudulent intent necessary to invalidate the transfer from Jacox to Bear under section 36-401, R. R. S. 1943, is a question of fact. § 36-406, R. R. S. 1943; Smith v. Ely, 164 Neb. 636, 83 N. W. 2d 55. Although some of the circumstances surrounding the transaction between Jacox and Bear may be said to be suspicious, the evidence falls far short of establishing, as a matter of law, that the sale of the tractor and combine to Bear was made with intent to defraud the creditors of Jacox and, therefore, void under the statute. The evidence is sufficient to sustain the finding of the trial court in favor of the bank as to this issue.

It should also be noted that the bank was a bona fide mortagee of the property for value and without notice. A bona fide purchaser for value from a fraudulent vendee is protected as against the creditors of the fraudulent vendor. § 36-407, R. R. S. 1943; Hackney v. First Nat. Bank of Lincoln, on rehearing, 68 Neb. 594, 98 N. W. 412. The general rule is that a bona fide mortgagee for value is also protected as against the creditors of the fraudulent vendor. 24 Am. Jur., Fraudulent Conveyances, § 156, p. 292; 37 C. J. S., Fraudulent Conveyances, § 302, p. 1134.

The controlling question in this case is whether the recording act protects a mortgagee of a purchaser from the conditional vendee. The statute, section 36-207, R. R. S. 1943, provides in part as follows: "Where a vendee * * * of personal property * * * obtains actual possession pursuant to a contract of sale * * * containing a stipulation which makes the transfer of title or ownership depend on any condition, such stipulation shall not be valid against any purchaser, judgment creditor or mortgagee of the vendee * * * without notice of such

stipulation unless the said contract * * * be in writing signed by the vendee * * * and said contract * * * or a copy thereof be filed in the office of the clerk of the county within which such vendee * * * resides * * *. All such sales and transfers shall cease to be valid against purchasers in good faith, judgment or attaching creditors, or subsequent mortgagees without notice at the expiration of five years unless such vendor * * * shall, within thirty days prior to the expiration of the five years from the date of such sale or transfer, file said contract, * * * or a copy thereof, in the office of said clerk, and said vendor * * * may preserve the validity of his said sale or transfer of personal property by an annual refiling of a copy of said contract * * * in the same manner."

The appellant contends that although the statute clearly protects a mortgagee or purchaser of a conditional vendee, it does not protect a mortgagee of a purchaser from a conditional vendee. The appellant cites and relies, principally, upon Friendly Finance Corp. v. Quinn, 232 N. C. 407, 61 S. E. 2d 192, in support of this contention.

In the Friendly Finance Corp. case, one Stewart purchased an automobile upon a contract of conditional sale. The sale took place in Rhode Island which state did not have a recording statute. Stewart defaulted on the contract but did not attempt to convey the title to the automobile. The North Carolina court held that the assignee of the conditional sale contract was entitled to replevy the automobile from a third party who did not claim title through Stewart even though the contract of conditional sale was not recorded in North Carolina. The basis of the decision is that the North Carolina recording statute protects only creditors or purchasers for value who claim through the conditional vendee. As stated by the court: "* * * that is, the title is valid as against all except those who deraign their title from the conditional vendee. * * * Mere possession without proof

that title was acquired, either directly or by mesne conveyances, from the mortgagor or conditional vendee is not sufficient to bring a claim within the purview of the language used in the Acts."

The Friendly Finance Corp. case does not support the contention of the appellant in this case. It recognizes that those who claim title through mesne conveyances from the conditional vendee are entitled to the protection of the statute. We have examined the other authorities cited by the appellant and consider them to be distinguishable upon the facts.

The purpose of the recording act is to protect third parties who might otherwise be defrauded by notifying them that title to the property remains in the vendor. National Cordage Co. v. Sims, 44 Neb. 148, 62 N. W. 514. Persons claiming through a purchaser from a conditional vendee are entitled to the protection of the recording act because they, as well as the purchaser, also rely upon the appearance of title created by the conditional seller.

In National Cash Register Co. v. Maloney, 95 Iowa 573, 64 N. W. 618, the Iowa court held that a purchaser for value and without notice from a purchaser with notice from a conditional vendee was entitled to the protection of the recording act. In rejecting a contention that the second purchaser was not protected the court said: "It is true that the statute, by a strict literal construction, applies only 'to any creditor or purchaser of the vendee.' But consideration must be given to the object and intent of the law, and to the evil or wrong intended to be corrected thereby. It was the right of Meecham to assign his interest in the property to McGlashon, with notice of the rights of the cash-register company; and Maloney, when he made his purchase, in ignorance of the conditions upon which the title to the property depended, ought to be protected the same as if he had purchased directly from Meecham without the intervention of the claim of Mc-

Glashon, who held the property by precisely the same right which Meecham had. The construction of the law as contended for by appellant seems to us to be too narrow and restricted, and, in our opinion, the district court correctly held that, as Maloney purchased the property without notice, the conditions of the original sale are invalid as to him." See, also, Union Bank & Trust Co. v. Willey, 237 Iowa 1250, 24 N. W. 2d 796, holding a mortgagee without notice of a purchaser from a conditional vendee protected as against an unrecorded contract of conditional sale.

It is unfortunate that the appellant failed to record its contracts of conditional sale in the manner prescribed by statute. As between a conditional vendor and a third party claiming through the conditional vendee, and who has purchased or loaned money upon the property without notice, actual or constructive, of the rights of the conditional vendor, we believe that the third party should prevail. To permit the appellant to prevail over the bank in this case would defeat the purpose of the recording statute applicable to contracts of conditional sales.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.