## Ross v. Crane.

**Payment** : APPLICATION OF : PRIOR AGREEMENT.    Plaintiff bought horses of S., and gave him for the purchase price two notes secured by mortgage on the horses.  S. at once assigned the notes and mortgage to B.    The next day plaintiff agreed in writing with B. to work for him, and B. agreed to apply his wages in payment of the mortgage debt.  B. continued to hold the notes and mortgage until plaintiff had earned enough to cancel the debt, but, instead of applying his wages on the debt, he applied them on another account which he held against plaintiff, . and assigned the notes and mortgage to defendant, who seized the horses under the mortgage.  *Held*, in an action to recover the horses, that B. was bound to apply the wages on the debt, and that the law would so apply them, and that the debt was satisfied before the assignment to defendant.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

FILED, MAY 9, 1888.

ACTION for the recovery of specific personal property.  Verdict and judgment for plaintiff.  Defendant appeals.

*Martin & Wambach*, for appellant.

*Kamrar & Boeye*, for appellee.

REED, J.—The property in controversy is a team of horses.  Plaintiff purchased the team from Oliver Sealine, and gave his two promissory notes, for one hundred dollars each, for the purchase price, and executed a chattel mortgage on the team to secure the same.  C. M. Blaine was present at the time of the transaction, and contracted with Sealine for the purchase of the notes and mortgage.  He paid one hundred dollars at the time, and one of the notes was then turned over to him.  Subsequently, at different times,

he paid the balance of the amount agreed to be paid for them, and the other note and the mortgage were delivered to him.    He subsequently sold the notes and mortgage to defendant, who seized the property on the mortgage.    Plaintiff then brought this action, claiming that he had paid the amount of the notes to Blaine before the sale to defendant.    On the next day after the purchase of the team from Sealine, plaintiff entered into a contract in writing with Blaine, whereby he agreed to gather and collect cream for him from that date ( May 20 ) to the first of October following. Blaine's undertaking in the contract is expressed in the following language :    " In consideration for the services of said G. S. Ross, as above described, said C. M. Blaine hereby covenants and agrees to pay the said G. S. Ross, to be by him applied as set forth below at the end of each month, the sum of two and one-half cents per inch for all cream collected and delivered by him according to the terms of this contract.    The first one hundred and fifty dollars earned by and due to the said G. S. Ross, under and by virtue of this contract, is to be applied to and paid the said C. M. Blaine upon a note given by said G. S. Ross to Oliver Sealine." Plaintiff performed labor under the contract, and his earnings amounted to more than one hundred and fifty dollars.  ·  He was indebted, however, to Blaine on account for goods sold him, to the amount of $160.72, and the latter claimed the right to apply that amount of the earnings in satisfaction of that indebtedness; and he did give him credit for that amount on his books. He also credited the balance of the earnings, together with a small amount he was owing plaintiff on another account, on one of the notes.  If, in addition to that sum, the one hundred and fifty dollars first earned by plaintiff under the contract had been credited on the notes, the debt would have been satisfied.    Defendant claimed that there was a subsequent parol agreement between plaintiff and Blaine to the effect that the earnings of the former under the contract were first to be applied on the

Ross v. Crane.

account, and that the residue, after that debt was satisfied, should be credited on the notes. That question was submitted to the jury, and their verdict implies a finding against defendant upon it. The district court instructed the jury, in effect, that, if the alleged modification of the contract was not established, the earning by plaintiff of one hundred and fifty dollars under its provisions was a payment, to that amount, of the mortgage debt.

The only question in the case demanding consideration is as to the correctness of that ruling. It may be conceded that the contract between plaintiff and Blaine did not modify the notes. The contract evidenced by them was an agreement to pay in money, and that agreement was not changed to one to pay in labor by the contract. The contract, too, was executory. But Blaine was the owner of the notes when the contract was made, and he continued to own them when the money was earned. His covenant was that he would apply and pay it, when earned, upon the notes. As he was the owner of the notes when it was earned, the effect of the agreement was that he was to keep it in satisfaction of the debt, rather than to pay it over to plaintiff, to whom, in the absence of the agreement, it would have been due. Nothing further remained to be done to effect the objects of the contract. It was in the hands of the one to whom the payment was due, and it was there for the purpose of payment, and the payment was accomplished by that fact. The fact that credit was not endorsed upon the notes is immaterial. The endorsement would have been evidence merely of the application of the money; but the application itself was accomplished, under the terms of the contract, when the money was earned by plaintiff.

AFFIRMED.