[Civil No. 284.   Filed February 9, 1891.]

[30 Pac. 303, *sub nom.* Stewart *v.* Albuquerque National Bank.]

## THE ALBUQUERQUE NATIONAL BANK, a Corporation, Plaintiff and Appellee, v. W. G. STEWART et al., Defendants and Appellants.

1. PLEADING—ANSWERS—DEFENSES—ELECTION.—A plea cannot rest in fraud and contract at one and the same time, and both or either relied upon at the option of the pleader.

2. SAME—SAME—SAME—FRAUD—NECESSARY AVERMENTS.—An answer setting up that the cashier of a bank represented to defendants, sureties upon a note, that the bank held certain collateral of the principals which it would apply to its payment and save them harmless, and that upon such agreement they were induced to and became sureties, does not raise the defense of fraud or fraudulent representations, because there is no allegation that the representations were untrue, nor that, relying upon such representations, they were thereby induced to become sureties, and would not otherwise have so become.

3. SAME—SAME—CONSTRUCTION.—An answer containing elements of contract and fraud which fails to contain averments essential to the plea of fraud will be construed upon the theory of contract.

4. SAME—SAME—DEFENSES—NEGOTIABLE INSTRUMENTS—CONTEMPORANEOUS PAROL AGREEMENT VARYING.—An answer to a suit upon a note, setting up a contemporaneous parol agreement between the cashier of a bank and sureties upon the note to make the note out of collateral held by the bank and to save them harmless, is bad as varying the terms of a written undertaking.

5. BANKS AND BANKING — CASHIERS — REPRESENTATIONS BY — WHEN BINDING UPON BANK—DEFENSE.—In the absence of affirmation of existing facts a promise made by the cashier of a bank to parties about to become sureties, that their contract of suretyship would not be enforced against them, is a mere matter of form, and will not bind the bank. If the affirmations were relied upon the plea should be in fraud.

6. APPEAL AND ERROR—ASSIGNMENT OF ERRORS—EXCLUSION OF EVIDENCE—MUST BE SAVED BY MOTION FOR NEW TRIAL.—An assignment of error based upon the exclusion of evidence is not well taken where exclusion of evidence is not set out in the motion for new trial as a ground therefor.

7. SAME—RECORD—WAIVER OF ERRORS—INSTRUCTIONS—MUST BE IN RECORD—FAILURE TO NOTE IN BRIEF.—Where error is assigned in

the overruling of appellants' motion for new trial for reasons therein stated, and it appears that one of the grounds is the refusal to give an instruction, such error is waived by failure to include it in the record. Even if in the record, it would be considered as waived as counsel do not complain thereof in their brief.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. James H. Wright, Judge. Affirmed.

The facts are stated in the opinion.

Stewart & Doe, and Baldwin & Johnston, for Appellants.

The cashier was acting within the scope of his authority when he stated that the bank held collaterals of the principal, and his promise to hold them to meet the note was binding upon the bank. *Packard* v. *Herrington,* 41 Kan. 469, 21 Pac. 621; *Merchants' Bank* v. *State Bank,* 10 Wall. 646-650; *Cocke* v. *State Nat. Bank,* 52 N. Y. 97, 11 Am. Rep. 667; Story on Agency, sec. 114; Angell and Ames on Corporations, sec. 297. .

"Parol evidence is admissible on part of surety on note, to show that the payee to induce him to become such surety, represented that he had in his hands funds belonging to the principal in the note, which should be applied as a credit thereon; and if the proofs establish such facts, the surety is entitled to the benefit of such assurance." *Matthewson* v. *Jones,* 30 Ga. 606; *Taylor* v. *Scott,* 62 Ga. 42.

"The general doctrine is well settled in *Pickard* v. *Sears,* 6 Ad. & E. 469, by Lord Denman, in these words: 'When one by his acts or conduct willfully causes another to believe in the existence of a certain state of things and induces him to act on that belief, or to alter his own previous position, the former is precluded from averring against the latter a different state of things as existing at the same time.' *Odlin* v. *Gore,* 41 N. H. 465, 77 Am. Dec. 775. See, also, 5 Wait's Actions and Defenses, p. 202, sec. 7; *Evans* v. *Kneeland,* 9 Ala. 42; *Drew* v. *Kimball,* 43 N. H. 282, 80 Am. Dec. 163; *F. & M. Bank* v. *B. & D. Bank,* 14 N. Y. 623, 16 N. Y. 125, 69 Am. Dec. 678, and note; *Mead* v. *Merchants' Bank,* 25 N. Y. 148, 82 Am. Dec. 331; *Barnes* v. *American Bank,* 19

N. Y. 159-162; *Carpenter* v. *King,* 50 Mass. 511, 43 Am. Dec. 405; *Bal. Sta. Bank* v. *Marine Bank,* 16 Wis. 139; *Chambers* v. *Cochrane,* 18 Iowa, 166; *Port* v. *Robbins,* 35 Iowa, 212; 1 Greenleaf on Evidence, sec. 284; *N. Y. and N. H. R. R. Co.* v. *Schuyler,* 34 N. Y. 30; *Potter* v. *Merchants' Bank,* 28 N. Y. 649, 86 Am. Dec. 273, and note; *Bank of New York* v. *State Bank,* 29 N. Y. 619, 633; *Fishkill Sav. Inst.* v. *National Bank,* 80 N. Y. 165, 36 Am. Rep. 593."

Herndon & Hawkins, and E. M. Sanford, for Appellee.

Appellants have failed to file with the clerk of the court below an assignment of errors, and failing to file such assignment, distinctly specifying the errors relied upon, as required by paragraph 940, page 196 of the Revised Statutes of Arizona, they thereby waive the right to present any errors upon the trial of this cause to this court.

The above section was taken from the Texas code and by the highest court of that state it has been held that the assignment of errors must be filed in the court below, and errors not contained in such assignment will be considered by the supreme court as waived; and, further, that upon failure to file such assignment of errors, the supreme court, on motion, will affirm the judgment or dismiss the appeal, unless the record discloses error so fundamental that the court would act upon it without an assignment of errors.

In *Murchison* v. *Holly,* 40 Tex. 439, the court says: "There being no errors assigned, and it appearing from the record that the court had jurisdiction of the subject-matter, and the parties, . . . the appeal will be dismissed." To the same effect, see *Chevallier* v. *Whittaker,* 8 Tex. 204; *Roy* v. *Bremond,* 22 Tex. 462; *Geiselman* v. *Brown,* 30 Tex. 761; *Hamlin* v. *Taft,* 32 Tex. 491; *Burnes* v. *Wiley,* 35 Tex. 20; *Railroad Co.* v. *Scanlan,* 44 Tex. 649.

Appellants allege as their second ground of defense, in their separate answer, that they were promised indemnity on account of collaterals, and that they would not be called on to pay, and that this promise was made to them by the cashier and agent of the plaintiff. This being a prior or contemporaneous agreement or promise, and not in writing, could not avail the appellants. The cashier of plaintiff, even if he

made any such promise or agreement, could not bind the plaintiff; such act would be beyond the scope of his powers and authority as cashier. In other words, that he had no power or authority to agree with the appellants that if they signed the note they would not be held liable thereon. *Bank of United States* v. *Dunn,* 6 Pet. 51.

In this case the cashier and the president of the bank represented to the indorser that the note was secured by a pledge of stock; that if he would indorse it he would not be held liable; that the indorsement was a mere matter of form. The court says that the object of such testimony was to vary the contract entered into, and to show another contract of an entirely different character, and that such an agreement does not bind the bank, and cannot be proved by parol. *Bank of Metropolis* v. *Jones,* 8 Pet. 12; *Henderson* v. *Anderson,* 3 How, 73; *Brown* v. *Willey,* 20 How. 442; *Specht* v. *Howard,* 16 Wall. 564; *Forsythe* v. *Kimball,* 91 U. S. 291; *Brown* v. *Spofford,* 95 U. S. 474; *Cox* v. *Bank,* 100 U. S. 713.

And as late as 1881 the court in the case of *Martin* v. *Cole,* 104 U. S. 41, after reviewing and approving the foregoing line of authorities, says: "This question cannot now be considered an open one in this court, and coincides with the rule adopted and applied in most of the states."

"Parol evidence of an oral agreement alleged to have been made at the time of drawing, making, or indorsing of a bill or note cannot be permitted to vary, qualify, or contradict, to add to or subtract from, the absolute terms of the written agreement. The exceptions to this rule are cases of fraud, illegality, or want of consideration." *Dickson* v. *Harris,* 60 Iowa, 737, 13 N. W. 336. See, also, *Barnett* v. *Barnett,* 83 Va. 504, 2 S. E. 733, and cases cited.

The evidence of a parol agreement contemporaneous with a written acceptance is properly excluded. *Aultman* v. *Brown,* 39 Minn. 323, 40 N. W. 159; *Casteel* v. *Walker,* 40 Ark. 117, 48 Am. Rep. 5.

In an action on a promissory note, a charge asking a finding for defendant, if the note was executed with the understanding that it was not to be paid, is properly refused, although evidence has been improperly admitted without ob-

jection to show such parol contemporaneous agreement.''
*Dolsen* v. *De Ganahl,* 70 Tex. 620, 8 S. W. 321.

In the case at bar there is no allegation or pretense of
fraud, illegality, or want of consideration.

It is well settled that the entire charge must be taken and
construed together. *State* v. *Matthews,* 98 Mo. 125, 10 S. W.
144; *Cousins* v. *Partridge,* 79 Cal. 224, 21 Pac. 745; *Central
R. R. Co.* v. *Andrews,* 41 Kan. 370, 21 Pac. 276; *Simonton*
v. *Rohm,* 14 Colo. 51, 23 Pac. 86.

WELLS, J.—This was an action in the court below by the
appellee against the appellants on a promissory note, which
reads as follows: ''$2,500.00.  Albuquerque, New Mexico,
Aug. 29, 1887.  Sixty days after date we jointly and sever-
ally promise to pay, to the order of the Albuquerque National
Bank, twenty-five hundred dollars at the Albuquerque Nation-
al Bank, Albuquerque, N. M., with interest at the rate of
one per cent per month from date until paid, value received.
[Signed] W. G. Stewart.  E. S. Clark.  W. M. Fain.  Thomas
F. McMillon.  A. Doyle.''  Judgment on the note for appel-
lee for $3,037.50.  The errors assigned are: 1. The court
erred in giving plaintiff instruction No. 1; 2. In excluding
from the jury the testimony of the witnesses McMillon and
Doyle, which tended to show that Strickler, plaintiff's cashier,
stated to the parties upon the note sued on, before and at the
time that said sureties signed the same, that plaintiff held
sufficient collateral to protect said sureties; and 3. In refus-
ing to grant defendants a new trial for the reasons stated in
the motion therefor.  Appellants set out in their brief so
much of their answer as they deemed necessary to present the
issues and show the errors complained of, as follows: ''For
the second defense to plaintiff's complaint and cause of action
therein set up defendants say that, before the signing of the
said note by them, or either of them, and up to the signing of
the same by each and every one of them, the said plaintiff
therein, by its regular agent and cashier, represented and
stated to these defendants, and to each of them, that he had
for plaintiff, and that said plaintiff had then and there, ample
security in the shape of collaterals belonging to said defend-
ants, (Stewart and Clark, who were the principals in said

note,) to secure the payment of said note when due, and to save these defendants, and each of them, from the payment of said note, or any portion thereof; and that said plaintiff did then and there so state to the defendants, and each of them, and promise to them, and each of them, that if they, and each of them, would so sign said notes, as sureties, as aforesaid, that plaintiff would hold said collaterals for the payment of said note, and would apply the proceeds, or such portion thereof as might be required, to the satisfaction thereof; and that the same would not, and never should, become a charge against these defendants, or either of them, nor should they, or either of them, ever be required to pay the same, or any portion thereof; and therefore defendants aver that, upon these terms and conditions, they were induced to sign, and upon these promises, so made by plaintiff, they did sign said note, and upon none others.''

This answer contains elements of contract and fraud. Upon which theory was the court to consider it? Upon which theory did the appellants intend the court should consider it? It cannot stand upon both theories at the same time. If the bank represented as a fact, to induce parties to become sureties on a note, that it held collaterals sufficient to pay the note, when in fact it had no such collaterals, and by such misrepresentations of the facts parties did become sureties relying on such representations, and being ignorant of the facts, then an issue of fraud is raised. On the other hand, if the bank stated that it held collaterals as mere inducement to the promise or agreement to hold and apply the collaterals to the payment of the note and the promise or agreement was relied on, another and very different issue is presented. In other words, the plea cannot rest in fraud and contract at one and the same time, and both or either be relied upon at the option of the pleader. That appellants did not rest their defense in their answer on the ground of fraud, or fraudulent representations, we think is quite plain, because there is no allegation that the representation of the bank that it held collaterals was untrue; nor is there allegation that, relying on such representation, they were thereby induced to become sureties on said note, and would not have become sureties but for such representations. The conclusion of the answer

discloses, as we think, that the contract or promise element of the answer is the one relied upon. These are the concluding words: "And therefore defendants aver that, upon these terms and conditions, they were induced to sign, and upon these promises so made by plaintiff they did sign, said note, and upon none others." The words "terms" and "conditions" and "promises" all relate to contract. We will therefore consider the answer in that light. As above indicated, the answer would not be good as a plea of fraud, for the lack of the averment that the statement and representations were relied upon as true, when in fact they were untrue, and defendants were injured thereby. Is it good and sufficient in law on the theory of contract or promise? The written contract (the note) was that the makers would pay the note at the time expressed therein, without qualification or condition. When suit is brought, answer is filed, in substance, that the payee has no right to take judgment against the sureties at least, if we concede they were sureties, because plaintiff below agreed by parol, at the time these defendants signed the note, to use collateral security, which it held, or claimed to have, at the time defendants signed the note as sureties. In other words, part of the contract was in writing, and part was by parol, or there was a contemporaneous collateral parol agreement. The parol agreement varies, if it does not contradict, the written undertaking. On the face of the written undertaking (the note,) there must be payment or judgment. "It is a firmly settled principle that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making, or indorsing of a bill or note cannot be permitted to vary, qualify, or contradict, or add to or subtract from the absolute terms of the written contract." 2 Parsons on Bills and Notes, 501; *Specht* v. *Howard,* 16 Wall. 564; *Forsythe* v. *Kimball,* 91 U. S. 294. The rule, in the language of Greenleaf, is: "The rule, briefly expressed, is, parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." 1 Greenleaf on Evidence, 351. The rule is elementary, and we think it applies in this case, at least, to the promise or contract element of the answer; indeed, the answer goes on the theory of the agreement to apply the collateral, and not to enforce the

note against the sureties. The agreement and authorities contained in appellants' brief are to the effect that the sureties may be relieved from liability by fraudulent representation of existing facts made to induce the contract of suretyship. Appellants, on page 18 of their brief, say: "A contract of immunity from debt is a very different thing from a misrepresentation of facts which induce the assumption of a debt." "The one is simply a void contract; the other, fraudulent misinformation." "This is why the supreme court of the United States, in *Bank* v. *Dunn,* 6 Pet. 51, and *Bank* v. *Jones,* 8 Pet. 12, calls the transaction therein referred to 'agreements' and 'contracts'; but would that court call Stickler's information to these sureties, 'There are collaterals in the possession of my bank,' an agreement or contract? In whose language is such information called an agreement? In whose mind is such an attitude of affairs regarded a contract?" These extracts from the brief of appellants are quoted because they distinctly draw the line between the representations of existing facts by the bank on the one hand, and the promises of the bank on the other.

The language and the argument of the brief of appellants, and the authorities therein cited, and the second assignment of error, press the defense on the ground of misrepresentations of existing facts; in other words, fraud. But, as we have before shown, the answer itself goes on the theory of contract; the brief and assignment of errors, on the theory of fraud. We have considered both phases of the answer, that appellants might have the benefit of either. If accepted as a plea of fraud, though we are quite clear that it could not, as a whole, be so considered, the answer is wanting in certain averments, not necessary here to repeat, to make it a good plea of fraud. If accepted as averment of agreement or promise, it would operate to vary or contradict the written undertaking, and could not be proven by parol. We have not so far considered the question of the authority of the cashier to bind the bank by his representations or promises, but, for the purpose of the argument, have treated them as made by the bank. We think it quite clear that any assurance given or promise made by a cashier to parties about to become sureties, that their contract of suretyship would not

be enforced against them, was a mere matter of form, etc., would not bind the bank in the absence of the affirmation of existing facts; and if such affirmations or representations were relied upon, the plea should have been in fraud. We have considered the first assignment of error, namely, the giving of the first instructions, and have reached the conclusion that it—the instruction—expressed the law of the case. We have also considered the second error assigned, by the exclusion of the evidence of McMillon and Doyle, and find no error in the exclusion upon the issues made by the pleadings. We note, in passing, that this second assignment of error is not well taken, for the further reason that the exclusion of evidence is not set out in the motion for a new trial as a ground therefor.

The third assignment of error is that the court erred in refusing to grant defendants a new trial for the reasons stated in the motion therefor. But these reasons were set out in the motion: 1. The court erred in giving in behalf of plaintiff [instructions] from 1 to 13, inclusive. Error was assigned as to No. 1 alone, and this we have considered. 2. In refusing defendants' instruction No. 4. This instruction is not in the record, and consequently cannot be considered. We presume it was omitted for the reason that the ground was covered by other instructions. Counsel in their brief do not complain of the refusal to give this instruction. It would therefore be considered waived if it was in the record. The third ground of motion for a new trial is the modification of the instruction 5 by the court, adding the words, "provided you find he acted in the scope of his authority." In the view of the issues made by the pleadings, this was not error, even if it otherwise would have been. The record discloses no error, nor do we think the defendants have any reason to complain of the admission or rejection of evidence, nor of the instructions of the court taken as a whole. The judgment below will stand affirmed.

Gooding, C. J., Sloan, J., and Kibbey, J., concur.