BENNETT, APPELLANT, *v.* TILLMON, RESPONDENT.

[Submitted March 5, 1896. Decided March 9, 1896.]

PROMISSORY NOTES—*Parol agreement as to payment—Evidence.*—A parol agreement between the defendant and one acting as agent for the plaintiff and B., entered into at the time of the execution of certain notes given in consideration of the purchase of property by the defendant from B, that the notes should be paid by being credited upon an account which B owed the defendant, is not an agreement changing the terms of the note, but is a reservation by the defendant of the right to pay them by offsetting B's indebtedness to him, and may therefore be pleaded in defense to an action on the notes. (*Bohn Manufacturing Co.* v. *Harrison,* 13 Mont. 239, cited.)

TRIAL—*Amendments—Pleading.*—The allowance of an amendment to a pleading during a trial is largely a matter of discretion and will not be held ground for reversal where it does not appear that a postponement of the case was requested or made necessary, or that the appellant was injured thereby.

*Appeal from Fourth Judicial District, Missoula County.*

ACTION on promissory notes. The cause was tried before WOODY, J. Defendant had judgment below. Affirmed.

Statement of the case by the court.

This is a suit on three promissory notes. The answer admits the execution of the notes, and alleges that they were given in consideration of the purchase by defendant of certain improvements on real estate belonging to one G. A. Bennett; that said improvements were sold to defendant by L. J. Warner, the agent of said G. A. Bennett; that said Warner induced defendant to execute two of the notes, for $250 each,

directly to him (Warner), and the $500 note to the plaintiff; that Warner was agent for G. A. Bennett, as well as for the plaintiff; that, at the time of the execution of the notes, G. A. Bennett was indebted to defendant on the account set out in the answer in the sum of $1,224.50; that the said Warner, as agent of plaintiff and G. A. Bennett, agreed that said notes should be offset by said account; that said notes were given as a memorandum of the sale of said improvements to defendant, and should be paid by being credited and offset with said account. After the execution of the notes, the two executed to Warner were by him assigned to plaintiff.

The plaintiff moved for judgment on the pleadings. The motion was denied. The allegations of the answer are denied by replication. The case was tried to a jury, who returned a verdict for the defendant. From the judgment entered in accordance with the verdict, and an order refusing a new trial, the plaintiff appeals.

*Bickford, Stiff & Hershey*, for Appellant.

PER CURIAM.—The plaintiff contends that the answer contains no defense, in that it attempts to vary a written contract by the oral agreement to allow the account pleaded to be offset against and credited upon the notes. This was the ground for plaintiff's motion for judgment on the pleadings, and of his objection to the introduction of any testimony in relation to said agreement.

We do not think the oral agreement, set up in the answer, that G. A. Bennett's account or indebtedness to defendant was to be offset against or credited on the notes, is an attempt to vary the terms of the written contract as contended. The agreement contained in the answer as to the G. A. Bennett indebtedness or account amounted, in effect, to this: That the defendant, by executing the notes, did not waive the right to set up his accounts against G. A. Bennett against the notes. This in no way altered, changed, or varied the terms of the

notes.    It was only a reservation of the right by defendant to pay them by setting up G. A. Bennett's indebtedness to him as a counterclaim.

In *Bohn Manufacturing Co.* v. *Harrison*, 13 Mont. 293, this court held that "parol evidence of an agreement that the acceptance of a bill of exchange should not be a waiver of counterclaims which the acceptor then held against the drawer is admissible in an action on the bill, as such evidence contradicts, not the instrument, but merely the presumption of waiver which arises from the fact of its acceptance." We think this case is directly in point, and decisive of the case at bar.

The appellant assigns as error the action of the court in allowing defendant to amend his answer during the trial.    The allowing of an amendment at any stage of the case is a matter largely within the discretion of the court.    It does not appear that, by reason of the amendment, a postponement or continuance of the case was rendered necessary, or that appellant made any request therefor.    It is not shown how the appellant was injured, or in what respect the court abused its discretion by allowing the amendment.

We think no errors have been shown which would authorize a reversal of the case.    The judgment and order appealed from are affirmed.

*Affirmed.*