[Civil No. 1350.   Filed June 23, 1914.]

[141 Pac. 574.]

CHARLES P. REINIGER, Appellant, v. J. C. BESLEY, Appellee.

1. PLEADING—MOTIONS—MAKING MORE DEFINITE AND CERTAIN—AN-SWER.—Where, in an action on a note, the answer admitted its execution, but alleged a contemporaneous agreement, whereby it was to be paid by the transfer of mining property, and that it had been so paid, the court properly refused plaintiff's motion to make more definite and certain by stating whether such contract was oral or written, since, as the contract alleged was one between the parties to the cause, plaintiff knew whether there was such a contract, and, if so, whether it was oral or written.

2. PLEADING—MOTIONS—MAKING MORE DEFINITE AND CERTAIN.—A motion to make a pleading more definite and certain will ordinarily be refused where the mover is already in possession of the facts.

3. EVIDENCE—PAROL EVIDENCE—NOTE—PAYMENT.—In the absence of fraud or mistake, contemporaneous oral agreements may not be proved to vary, alter or contradict the terms of a written contract.

[As to parol evidence to vary a writing, see note in 56 Am. St. Rep. 659.]

XVI Ariz.—11

4. EVIDENCE—PAROL EVIDENCE VARYING WRITING—NOTE—PAYMENT.—
In an action on a note, defendant could show by parol evidence that
it had been paid by the transfer of mining property in accordance
with a contemporaneous agreement, such not varying or contradicting
the terms of the note.

5. BILLS AND NOTES—ACTION ON NOTE—EVIDENCE—PAYMENT.—In an
action on a note the court, after defendant had testified that he had
sold plaintiff some mining stock in settlement of the note, properly
permitted him to testify as to the contents of telegrams by which
the negotiations for the sale were carried on; such evidence, though
being indefinite, tending to support defendant's plea of accord and
satisfaction.

6. EVIDENCE — DOCUMENTARY EVIDENCE—TELEGRAMS—AUTHENTICATION.
In an action on a note, where telegrams were relied on to establish
a contemporaneous agreement, a telegram, the authenticity of which
was denied, was properly excluded, since they must be proved in the
same manner as other writings.

[As to admissibility of telegrams as evidence, see note in 110 Am.
St. Rep. 742.] .

7. APPEAL AND ERROR—REPORTER'S TRANSCRIPT—SETTLEMENT AND SIGN-
ING.—Where there is no statement of facts or bill of exceptions, but
reliance is had on the reporter's transcript, great care should be exer-
cised to have it properly authenticated by the trial judge.

8. APPEAL AND ERROR—REPORTER'S TRANSCRIPT—SETTLEMENT AND SIGN-
ING.—Under Revised Statutes of 1913, section 614, providing that
when the statement of facts, bill of exceptions or reporter's tran-
script is presented to the trial judge he shall certify that the same is
correct, and file it in the record, within ten days, a reporter's tran-
script simply marked "Approved" by the trial judge was not a suffi-
cient compliance with the statute.

APPEAL from a judgment of the Superior Court of the
County of Pima. W. C. Cooper, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Francis M. Hartman, for Appellant.

No appearance for Appellee.

ROSS, J.—Suit by appellant on a note for $300, and in-
terest, and for moneys loaned and money had and received.
Answer admitted execution of note, and alleged that, at the
time of its delivery, the appellant was negotiating with ap-

pellee the purchase of some mines, and that the $300 evidenced by note was an advancement on the purchase price of mines, providing the sale was effected, in which event the note was to be canceled and considered as fully paid and discharged. It is alleged that sale was consummated. Answer denies that appellant ever loaned appellee any moneys, and denies that appellee ever received any moneys for the use and benefit of appellant, and pleads accord and satisfaction, also the three-year statute of limitation as to count for money loaned and money had.

Appellant replied to answer by moving that it be made more definite and certain by showing if contract as to the manner note was to be paid was oral or in writing, and, if the latter, that contract be set out in full and be produced for inspection; also moved that allegations of answer as to manner of payment be stricken; demurred specially to plea of payment, and generally to the whole answer; denied payment; and denied the agreement as set forth in answer as to manner payment was to be made.

The case was tried to the court without a jury, and judgment entered against appellant. The appeal is from the judgment and the order overruling a motion for a new trial.

Appellant makes seven assignments. The first is that the court erred in refusing, upon his motion, to require the appellee to set out in his answer whether the contract as to manner in which note was to be paid was in writing or oral.

The contract alleged in the answer was one between the parties to this litigation, and therefore as much within the knowledge of appellant as appellee. He therefore knew whether there was such a contract, and, if one, whether it was oral or written. Where the mover is already in possession of the facts, ordinarily his motion to make more definite and certain will be refused. 31 Cyc. 646. The contract was as binding if made orally as if in writing. It was not in violation of the statute of frauds, nor subject to the plea of limitations. Besides, if it ever existed, under the allegations, it had been fully executed.

The second, third and fourth assignments revolve around the same legal proposition, and that is that contemporaneous oral agreements may not be proved to vary, or alter, or contradict the terms of a written contract, especially a promis-

sory note. That is the undoubted and well-settled law, in the absence of fraud or mistake. It seems to us that appellant has misconceived the defense. It is admitted that the note sued on was executed and delivered for the consideration named, to wit, $300; but it is alleged that it has been fully paid and discharged. That it was paid by a transfer to the payee of mining property instead of specie goes to the manner of payment. Obviously such a defense is a perfect one, and that it does not tend in the least to vary, or alter, or contradict the terms of the note is too plain to require notice.

Fifth assignment: The appellee, in support of his defense of accord and satisfaction, testified that he was the owner of some stock in a mining company, and that he sold the stock to appellant for a very small price, and in settlement of all their differences. The negotiations of this transaction were carried on by telegrams that had been destroyed, and appellee, testifying as to the contents of his acceptance of appellant's offer to buy, said the telegram that he sent was, "Will accept your offer with a clean sheet." The appellant complains because his motion to strike this evidence was refused. The testimony may have been somewhat indefinite, but it tended to sustain the plea of accord and satisfaction, and motion was properly refused.

Appellant complains that the court erred in refusing to admit in evidence a Western Union telegram offered by him. This telegram purports to be from appellee to appellant. It was the telegraphic copy, and not the original. Its authenticity was denied by appellee.

"Where they [telegrams] are relied upon to establish contracts, they must be proved in the same manner as other writings." Section 210, Jones on Evidence.

The telegram was properly rejected without some evidence of its authorship.

We have overlooked in this case what appears to us to be of serious importance to appellants, who rely, in this court, upon the reporter's transcript as containing the evidence and the rulings, orders and other action of the trial court desired to be preserved for review. The reporter's transcript is simply "approved" by the trial judge. This is not a compliance with the law. When there is no statement of facts

or bill of exceptions, but reliance is had on the reporter's transcript, great care should be execised to have it properly authenticated by the trial judge, for in it are contained not only the evidence, but the rulings, orders and other action of the court excepted to. By an unwarranted and liberal indulgence in presumptions, "approved," as herein used, might be construed as the equivalent of the certificate required by section 614, Revised Statutes of 1913, but that is not the ordinary meaning of the word "approved." The section referred to reads as follows:

"When the statement of facts, bill of exceptions or reporter's transcript is presented to the trial judge he shall certify thereto that the same is correct; or first amend it as it may require and then so certify it, and file it, together with the written statement or written statements, in the record of the case, within ten days after the same has been presented to him, unless both parties consent to a delay."

Of course what we have said as to the necessity of a certificate of the trial judge to the reporter's transcript applies with equal force to the statement of facts and bill of exceptions. See sections 608, 610 and 614, *Id.*

Judgment affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—On the question of contemporaneous agreements and their breach as a defense to a promissory note, see note in 43 L. R. A. 449.