### CONTINENTAL GIN CO. v. STOCKER et al.

#### (District Court, E. D. Oklahoma. September 11, 1916.)

EVIDENCE ☞441(11)—PAROL EVIDENCE RULE—EXCEPTIONS.

Where the payee of a note agreed that, if sureties would sign, the proceeds of a mortgage given by the principal should, in case of default, be first applied upon the notes, the admission of evidence of the agreement, default having occurred, is not a violation of the parol evidence rule, where the mortgage had been foreclosed and the proceeds were in the hands of the payee, for such evidence did not tend to vary the terms of the note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1799–1812, 2043, 2044; Dec. Dig. ☞441(11).]

At Law. Action by the Continental Gin Company against W. L. Stocker and J. Oscar Howard. There was a judgment for plaintiff denying part of the relief sought, and plaintiff moved for a new trial. Motion overruled.

Gibson & Hull, of Muskogee, Okl., for plaintiff.
Ramsey, de Meules & Rosser, of Muskogee, Okl., for defendants

WADE, District Judge. Defendants were sued as sureties upon a promissory note executed to the plaintiff. Their defense, so far as presented for consideration upon this motion for a new trial, was that certain notes, including those in suit, upon which defendants are sureties, were given for a cotton gin; that a mortgage was also executed to the plaintiff as security for the purchase price of the gin; that, at the time of the purchase of the gin and the execution of the notes signed by the defendants, it was agreed that, in case of default and foreclosure of the mortgage, the money derived from the sale of the property should be first applied upon the notes signed by the defendants, and that there was default, and foreclosure, and sale of the property, which netted $2,711, but that plaintiff failed to apply it upon the notes signed by the defendants, but applied it upon other notes, and the defendants contended upon the trial that they were entitled to have this $2,711 credited upon the notes which they signed, in accordance with the agreement made.

The jury having found that the contract was made as claimed, we have this situation:

For the purpose of this motion, it must be conceded that the plaintiff made a solemn agreement with the defendants that, if they would sign these notes, they would also take a mortgage securing these and

other notes, but that, in case of foreclosure, the money derived therefrom would be first applied in payment of these notes signed by the defendants; and it is not disputed that there was foreclosure and sale, and the receipt by plaintiff of $2,711, which, in violation of its contract, it applied upon other notes, and that the plaintiff is now seeking to recover the full amount of the notes signed by the defendants.

Counsel for plaintiff place great stress upon the parol evidence rule, and insist that evidence of this agreement should not have been admitted, and, if admitted, that it should not be considered.

The rule which holds that parol evidence is inadmissible "to vary, alter, control, or contradict, the terms of a written instrument in an action founded upon such writing," is a salutary one; but it should not be extended to include cases where the reason of the rule does not obtain. In the application of the rule, sometimes injustice has been done, and to avoid injustice, and at the same time to sustain the rule, courts have in many cases given recognition to exceptions, which have almost destroyed the rule itself. These exceptions have been fully considered in Gandy v. Weckerly, 220 Pa. 285, 69 Atl. 858, 123 Am. St. Rep. 691, 18 L. R. A. (N. S.) 434, and extensive note therein.

But in my judgment the rule has no application here. The defendants do not seek to alter, or change, or modify the contracts signed by them; they admit their liability, but they plead facts from which they contend that the debt has been partly paid.

"A defense, by a surety, as to an improper application of payments by the creditor, has frequently been upheld in a law action." Columbia Digger Co. v. Rector, 215 Fed. 618.

"Payment to the creditor of collateral held as surety for the debt, or a sale of it, and the appropriation of the proceeds by the creditor, operates as a satisfaction of the debt, and, where the amount received is less than the debt, it will be considered as satisfaction pro tanto." 30 Cyc. 1193.

There is no rule of law which prohibits the making of a contract, at the time notes are signed, that in case money is received from a certain source it shall be applied upon the notes, provided that, before suit is brought upon the notes, the money has been actualy received.

The rule contended for by counsel for plaintiff would apply in full force if the money had not been actually received by the plaintiff; but, having been received, the court will give force to the contract and compel the application in accordance with the agreement of the parties. Any other rule would give legal recognition to positive fraud, and no rule should be applied where such would be the result, except under the most compelling circumstances.

The following cases tend to sustain the foregoing: Hansen v. Rounsavell, 74 Ill. 238; Hughes v. McDougle, 17 Ind. 399; Carson v. Cook County Liquor Co., 37 Okl. 12, 130 Pac. 303, Ann. Cas. 1915B, 695; Bross v. McNicholas, 66 Or. 42, 133 Pac. 782, Ann. Cas. 1915B, 1272; United States v. American Bonding Co., 89 Fed. 925, 32 C. C. A. 420; Ross v. Crane, 74 Iowa, 375, 37 N. W. 959; Bennett v. Tillmon, 18 Mont. 28, 44 Pac. 80; and Roe v. Bank, 167 Mo. 406, 67 S. W. 303.

Counsel also insist that the agreement, if made, was not by a duly authorized agent; but this question was submitted to the jury under instructions, which are not complained of, and I feel satisfied that the evidence was sufficient to sustain the verdict.

The motion for a new trial will be overruled.