[Civil No. 2328.  Filed June 19, 1925.]

[236 Pac. 1110.]

JOHN W. NORTON, Appellant, v. TUCSON CATTLE LOAN COMPANY, a Corporation, Appellee.

EVIDENCE—PAROL EVIDENCE HELD ADMISSIBLE TO SHOW ORAL AGREEMENT TO APPLY PROCEEDS OF FORECLOSURE SALE TO CERTAIN NOTES.—Manager, sued on his individual indorsement of several of corporation's notes, could show, by parol, oral, contemporaneous agreement with payee, whereby proceeds of foreclosure sale of corporation's cattle, under chattel mortgage securing notes in suit and other notes, should have been applied first to notes indorsed by him individually, as against contention that debt was evidenced by notes themselves, terms of which were unconditional.

See (1) 22 **C. J.,** p. 1255.

APPEAL from a judgment of the Superior Court of the County of Pima.  George R. Darnell, Judge. Judgment reversed and cause remanded.

Mr. F. H. Bernard and Mr. Gerald Jones, for Appellant.

Admissibility of parol evidence to vary, add to, or alter a written instrument, see note in 17 L. R. A. 270.

Parol evidence to explain or vary the contract implied from the regular indorsement of a bill or note, see notes in 4 A. L. R. 764; 11 A. L. R. 637.

Mr. Francis M. Hartman, for Appellee.

LOCKWOOD, J.—In November, 1921, the Norton Land & Cattle Company, a Corporation, hereinafter called the Company, took over a certain cattle ranch in Pima county. At the time there was a first mortgage on the land held by a Los Angeles corporation, a second mortgage held by the Company, and a third mortgage on the land, and a first chattel mortgage on the cattle held by the Tucson Cattle Loan Company, a Corporation, hereinafter called plaintiff. The Company issued notes to the plaintiff for the amount due it, secured by a mortgage on the cattle, released its own prior mortgage on the land, and put Sixteen Thousand Dollars ($16,000.00) into the property for running expenses.

In the spring of 1922, the Company needed more money to run the ranch, and John W. Norton, hereinafter called defendant, who was one of the largest stockholders in, and practically the manager of, the Company, asked plaintiff to loan the Company such money as might be needed for that purpose on the Company's notes. This plaintiff refused to do, unless and until defendant would indorse the notes personally. Defendant at first refused to consider the proposition, but finally agreed thereto, and from then on several notes were from time to time executed by the Company in favor of plaintiff, and defendant indorsed the same, the proceeds being used for Company expenses. In June, 1922, the Company executed a chattel mortgage to plaintiff in renewal of the old one, which secured notes to the amount of about Seventy-three Thousand Five Hundred Dollars ($73,-500.00) representing indebtedness incurred by the original owners before the Company took over the ranch. It appears from the record that the notes in question in this suit, with one exception, were also

secured by the same mortgage, though counsel for plaintiff in his brief apparently contends they were not. The total amount of money advanced on the indorsed notes was Six Thousand Four Hundred Seventy-five Dollars ($6,475.00). In addition defendant received Nine Hundred Dollars ($900.00) from plaintiff on a personal note which was unsecured by the mortgage. Shortly after the last note was given plaintiff brought suit against the Company on all the notes secured by the mortgage, including those involved in this action, and after judgment the property was sold, plaintiff bidding it in for Sixty Thousand Dollars ($60,000.00), which after paying costs left a deficiency judgment of Sixty-eight Thousand Eight Hundred Ninety-nine and 87/100 Dollars ($68,899.87).

In October, 1923, plaintiff brought this suit against defendant, setting up the notes indorsed by him and on which judgment had been rendered in the foreclosure suit against the Company together with the Nine Hundred Dollars ($900.00) note made by defendant individually alleging nothing had been paid thereon excepting One Hundred Dollars ($100.00) on one of the indorsed notes, and that the Company was insolvent. Defendant answered admitting the execution and delivery of the notes, but alleging that it was agreed between plaintiff and defendant that the notes indorsed by the latter should be paid out of the proceeds of the sale of cattle belonging to the Company, and that the proceeds of such sale should be first applied in such payment before they were used on any notes not signed by defendant individually. He set up that the plaintiff had received from such sales, before the foreclosure of the mortgage, Five Thousand Six Hundred Fourteen and 88/100 Dollars ($5,614.88), to be applied in payment on such notes but it had not made such application, and

further alleged that the notes were paid in full by the foreclosure sale under the agreement above recited.

The case was tried to a jury, which found for the defendant, and judgment was duly rendered on the verdict. Motion to set aside judgment and for a new trial was made, and was granted on the ground, as stated in the minutes, that the verdict was contrary to the law and that certain instructions had erroneously been given. From this order, defendant has appealed.

The record shows that the learned trial judge deemed he had erred in directing the jury that the defendant might be given credit for sufficient of the proceeds of the foreclosure of the mortgage to satisfy the notes, if the jury found there was an agreement that money received from the sales of cattle at the foreclosure should be credited on the notes in this suit. Certainly there is nothing to prevent parties agreeing that a debt shall be paid from a designated source and from that only, or that a specific fund is impressed with a first lien in favor of a certain debt, nor do we understand plaintiff denies this. Its contention is set forth in its brief as directed to one point, to wit: That the rules of evidence do not permit oral proof of such an agreement when the debt itself is evidenced by negotiable promissory notes like those in this action, and since the only defense on the notes was an alleged oral agreement, no proper evidence of such agreement could have been offered, and the verdict was necessarily contrary to law. The question then narrows down to the following proposition. When there is a contemporaneous oral agreement that a promissory note unconditional in its terms shall be paid from a certain fund, and the creditor actually receives such fund, can the agreement be proved by parol evidence?

The rule, which holds oral evidence is inadmissible to vary, alter, control, or contradict the terms of a written instrument, is so well established that it is unnecessary to cites cases upholding it. It, however, does not apply in a case like this. The effort herein is not to repudiate the written instrument nor to avoid the payment thereof, but, on the contrary, to show that the contract has actually been fulfilled and the payment made. We are of the opinion that, when the money has actually been received by the creditor, evidence of a contemporaneous oral agreement that such money should be applied on a certain debt evidenced by a written instrument does not violate the parol evidence rule, and is properly admitted. *Reiniger* v. *Besley,* 16 Ariz. 161, 141 Pac. 574; *Continental Gin. Co.* v. *Stocker* (D. C.), 235 Fed. 1005; *Bennett* v. *Tillmon,* 18 Mont. 28, 44 Pac. 80; *Ross* v. *Crane,* 74 Iowa, 375, 37 N. W. 959.

Such being the case, there was no error in the instructions given. The evidence was in sharp conflict as to the existence of the alleged agreement, and the jury therefore was entitled to find, if it thought proper, such agreement existed in regard to all the notes sued on, covering the proceeds of the foreclosure sales as well as the sale of cattle by defendant. The verdict shows it did so find, and since the cattle sold admittedly for far more than sufficient to pay all of the notes, the verdict was sustained by both the law and the evidence.

For the foregoing reasons, the order complained of is reversed, and the case remanded for proceedings not inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.