228 P.2d 446

**KINNISON v. HULETT et al.**

No. 5242.

Supreme Court of Arizona.

March 12, 1951.

Moore & Moore, of Phoenix, for appellant.

Stephen B. Rayburn and Morris L. Gerst, of Phoenix, for appellees.

STANFORD, Justice.

Action was brought in the superior court by plaintiff J. D. Kinnison, the appellant herein, on a check allegedly negotiated to him in the course of his business as a real estate broker in the city of Phoenix, Arizona.

Defendant Sauls, one of the appellees herein had been negotiating with the plaintiff and his agent, Driggers, for the purchase of certain real property belonging to one Cecil Williams. Upon consummation of a contract for the purchase of the property, defendant Hulett, the other appellee herein, made a check, drawn on the Citizens Bank of Jonesboro in Jonesboro, Arkansas, in the sum of $525.00, payable to the order of defendant Sauls, and thereupon delivered the same to Sauls apparently for the purpose of allowing Sauls to make a partial down-payment on the purchase price of the above mentioned property, totalling some $5,000.00. Defendant Sauls thereupon endorsed the check in blank and delivered it to Driggers, the above mentioned agent of the plaintiff, together with instructions that he deliver said check to Williams.

Testimony given at the trial indicates that Driggers promptly delivered the check to Williams who thereupon handed it to the appellant-plaintiff, instructing him to handle the collection thereof, take out any commission due him as a result of the sale and return the balance to Williams.

Plaintiff presented the check to the Valley National Bank in Phoenix and it was thereupon forwarded to Jonesboro, Arkansas, for collection. The Citizens Bank in Arkansas immediately notified the Valley National Bank in Phoenix that defendant Hulett, maker of the said check, had previously stopped payment thereon. Notification of the dishonor was thereafter sent both defendants, Sauls and Hulett.

Complaint was filed by plaintiff setting out only the essentials concerning the making, endorsing, and the various transfers of the check, whereupon defendants each filed a separate answer, admitting all the material allegations contained in the complaint, except: (1) negotiation of the check to plaintiff, and (2) actual dishonor of said check by the Arkansas bank (alleging lack of knowledge of the same), but admitting receipt of notice of dishonor. In addition each answer set out details allegedly sur-

rounding the sale of the above mentioned property, contention being made therein that plaintiff and his agent, as well as Williams, had represented the said property as being free from all liens and encumbrances when in fact there was a mortgage outstanding against the property at the time the contract of sale was made. Further contention was made in both answers that defendant Sauls thereafter learned of the existence of said mortgage whereupon he made the same known to Williams who then mutually agreed with Sauls that the contract of sale be, and the same was thereupon rescinded, notice of said rescission being promptly given plaintiff together with demand for return of said check. It is also alleged in the answers that plaintiff refused to return the check and thereafter sent the same for collection.

In addition to the foregoing, defendant Sauls also filed a counterclaim against plaintiff together with a cross-claim naming as third party defendants, the Fidelity and Deposit Company of Maryland, surety on plaintiff's brokerage bond, and the above mentioned Driggers, agent of the plaintiff. Both counterclaim and cross-claim alleged fraud and misrepresentation in connection with the above mentioned sale.

Before commencement of the trial, plaintiff moved that the court dismiss the counterclaim and the cross-claim against the third party defendants, and also that all of those portions of the two answers concerning details of the sale, be stricken. The court thereupon granted the motions, and upon commencement of the trial, ruled that no evidence be admitted concerning the facts surrounding the property sale, as being immaterial.

The court, sitting without a jury, heard the testimony, which was confined to the making and various transfers of the check, thereafter giving judgment in favor of both defendants Sauls and Hulett.

From the said judgment and subsequent denial of plaintiff's motion for new trial, this appeal is taken.

Plaintiff presents four assignments of error, the first two of which are directed at the court's granting judgment in favor of defendant Hulett. Assignment No. 1 urges that the check was a valid and negotiable instrument, that plaintiff was a holder thereof and that there existed no defense, legal or equitable in favor of defendant Hulett. The second assignment is substantially the same as the first, including therein the contention that plaintiff was a holder in due course. Assignments three and four are directed at the judgment in favor of defendant Sauls, and are substantially the same as the first two assignments set out above.

Five cross-assignments of error are included in the defendants' brief. These assignments separately contend that the court erred in dismissing defendants' counterclaim, cross-claim against the above named third party defendants, and in striking the

portions of both answers dealing with circumstances surrounding the sale of the said property.

At the trial in the lower court, as well as in their brief, defendants admit without argument that the check involved herein is a valid and negotiable instrument, and that it was endorsed in blank and capable of being negotiated by delivery. It is contended, however, that in the transfer of the check to the plaintiff, there was no negotiation, but instead only a mere transfer for a special purpose, to wit: that of sending the check through for collection. However, it is well settled law that even though a person only be deemed an agent for collection of a negotiable paper, whether a bill of exchange, a promissory note or a check, he has sufficient title to maintain a suit in his own name for the purpose of collection provided the instrument has been delivered into and remains in his possession. 8 Am.Jur., Bills and Notes, section 932, and cases cited therein.

Though this court will affirm a judgment where it is found to be supported by any theory, in the case at hand we are unable to find a theory applicable that will support the judgment of the lower court, in view of the court's ruling restricting all evidence admitted, to the mere details of negotiation and transfer of the check.

The lower court erred in striking the defense and in refusing to admit evidence which might have sustained the contention that plaintiff was not a holder in due course. Section 52–144, A.C.A. 1939, reads as follows: "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or some person under whom he claims, acquired the title as a holder in due course. The last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

At the commencement of the trial there existed a presumption in favor of the plaintiff, being the bearer of "bearer paper", that he was a holder in due course, and as such, in absence of further evidence, would be entitled to judgment.

Assuming the defense pleaded to have been true, then in that event the plaintiff would not have been entitled to recover, not being a holder in due course, and the judgment would have to be affirmed. The defense of not being a holder in due course having been stricken and no proof allowed thereon, the present judgment cannot stand.

We hold therefore, contrary to the lower court's ruling, that the circumstances surrounding the property sale mentioned herein are of such a nature as render them material in the case at bar, and that the lower court erred in dismissing the counterclaim and cross-claim of defendant Sauls and also in striking portions of both an-

400

swers. We also hold that there is insufficient evidence in the record herein to support the judgment rendered by the lower court. We therefore direct that the judgment be reversed and the case remanded to the lower court for a new trial. Both parties are to bear their own costs in this court, the costs in the lower court to abide a final determination of the suit on retrial.

Reversed and remanded.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concurring.