454 P.2d 163

**ARIZONA COTTON GINNING CO.,**
Appellant,

v.

**Buck NICHOLS, Appellee.**

**No. 1 CA–CIV 818.**

Court of Appeals of Arizona.
May 5, 1969.

Snell & Wilmer, by Robert Bernstein, Phoenix, for appellant.

Vernon L. Nicholas, Mesa, for appellee.

KRUCKER, Judge.

Appellant, Arizona Cotton Ginning Company, plaintiff, sued appellees, Buck and Earl Nichols, on a promissory note executed by Buck and Earl Nichols. Trial was to the court and judgment was rendered against Earl Nichols on an open account for $8,965.51, plus 6½ percent interest, together with attorneys' fees and costs. Buck Nichols was found to be released from the obligation and recovered his costs from plaintiff. Plaintiff appeals from the Buck Nichols judgment only.

Taking the facts most favorable to sustaining the judgment, State v. Carr, 8 Ariz.App. 300, 445 P.2d 857 (1968); State v. Womack, 6 Ariz.App. 267, 431 P.2d 908

**494**

(1967); it appears that Earl Nichols had for several years financed his cotton farming with plaintiff. At the end of May, 1963, he was indebted to the company for $9,009.-81. The company hoped to receive payment through the 1963–64 crop, but for reasons internal to its business practices, it was unable to provide financing for the next crop with an outstanding debt on Earl's account. It therefore required Earl's brother, Buck, to jointly sign a note for the amount due. No provision in the note indicates release terms of Buck's accommodation. Buck testified that he was told by Mr. Garrett Bearden, the managing agent of the plaintiff, that his only obligation was to pick Earl's 1963–64 cotton crop free of charge and that once he had done this all of his obligations would be satisfied. He also testified that he had refused to sign a promissory note and that the only thing he signed was a blank piece of paper.

Buck also offered the testimony of Garrett Bearden that the note was only to permit the plaintiff's financing of Earl's 1963–64 crop, that when the note was given the balance in Earl's account would be marked satisfied, and that at some unspecified time thereafter the amount of the note would be placed back on Earl's ledger account and the note destroyed.

Other than these two versions of an alleged oral agreement leading up to this note, there was no defense presented. There is no question but that Earl's account was first relieved of the amount of the note and then subsequently recharged with the amount and that the note was never destroyed.

The trial court found:

"1. That the plaintiff, by its agent and officer, Garrett Bearden, agreed that the promissory note signed by the defendants would be cancelled and discharged by the transfer of the obligation evidenced thereby to the open account of the defendant, Earl Nichols;

2. That the promissory note herein sued upon was cancelled and discharged by the transfer of the obligation to Earl Nichol's [sic] open account as aforesaid;"

The trial court's upholding of the oral agreement is the sole issue of this appeal.

It has long been the rule in Arizona that parol evidence is not effective to vary, contradict or alter the terms of an integrated writing. S. H. Kress & Co. v. Evans, 21 Ariz. 442, 189 P. 625 (1920); Arizona Title Insurance & Trust Co. v. Hunter, 6 Ariz.App. 604, 435 P.2d 47 (1968); Lyon v. Big Bend Development Co., 7 Ariz.App. 1, 435 P.2d 732 (1968).

There is no doubt that this rule, when applied to negotiable instruments takes on peculiar aspects. J. Wigmore Evidence § 2443. The parties sometimes wish to use the fixed format of a negotiable note but still wish to accommodate unique transactions, and this is allowed within limits. According to Wigmore, however, the parties cannot so agree as to make the choice of a negotiable note meaningless.

"* * * the parties' choice of a negotiable instrument necessarily signifies the adoption of *some* essential implied feature of such an instrument,—else they would have used some other form of document; hence, *they cannot be allowed to avail themselves of an agreement which would render that choice practically meaningless.*" (Emphasis supplied.) J. Wigmore Evidence § 2443, at 141.

For example, it is acceptable for the parties to a note to agree to the accommodation status of one party, and oral testimony to that effect is admissible. J. Wigmore Evidence § 2443, at 145. However, it is not acceptable for the parties to alter the fixed note terms, such as mode of payment, time of payment, specie of payment and parol evidence of such an agreement will not be admitted to vary these fixed terms. *See also*, The Albuquerque National Bank v. Stewart, 3 Ariz. 293, 30 P. 303 (1891); Neil v. Tuley, 35 Ariz. 523, 281 P. 216 (1929); Boyle v. Webb, 54 Ariz. 188, 94 P.2d 642 (1939).

In the instant case, defendant has established his suretyship status, but this is no defense. Steinfeld v. Tew, 35 Ariz. 147, 274 P. 1047 (1929). Counsel, in pre-

senting the arguments, attempts to place his case in line with an old Arizona case, Reiniger v. Besley, 16 Ariz. 161, 141 P. 574 (1914), which deals with an oral contemporaneous agreement that a note was to be paid by transfer of mining property. The result reached in *Reiniger* is undoubtedly correct if, as the case would indicate, the payee actually received from the payor mining property of substantial value in satisfaction of the note.

Here, we have nothing of substantial value received in satisfaction. The plaintiff received nothing of substantial value by a book entry, showing an open account indebtedness of Earl, who was, if the note was valid, already indebted in the amount of the entry, plus interest and attorneys' fees.

As stated in Bickart v. Greater Arizona Savings & Loan Assn., 103 Ariz. 166, 438 P.2d 403 (1968), the Arizona Supreme Court held that as between the original parties to a promissory note, the note is a simple contract for the payment of money and it may be discharged by a subsequent oral agreement, even if the note is not surrendered. However, here we have only a showing of an oral agreement that supposedly occurred at the time of, or prior to, the execution of the note. An accord and satisfaction is a subsequent agreement to take something other than the original agreement, and it cannot occur contemporaneously with or prior to the making of the note; to do so would render the note a nullity by parol evidence.

We believe that the trial court erred in concluding that there had been an accord and satisfaction of this note.

Insofar as *Reiniger* may hold that the contemporaneous oral agreement to accept mining property controlled over the language of the note, we believe this is no longer the law of this jurisdiction. When an individual binds himself absolutely to pay money, he cannot later claim the agreement was to pay in something other than money. To allow him to admit the obligation but attempt to show it was agreed that it could be paid in something other

than money is effectively the same as denying the obligation to pay money. In Steinfeld v. Tew, 35 Ariz. 147, 274 P. 1047 (1929), the maker of a note attempted to show the agreement was to pay the note only out of pending sale of mining claims, which had not been consummated. Citing an Arizona federal case, Murphy v. Craig, 28 F.2d 963 (9th Cir. 1928), the court said:

> "That the maker of a promissory note for the payment of a sum certain, on a day certain, will not be heard to say that the note is payable out of a particular fund only, or that a collateral agreement authorizing the sale of collateral to satisfy the indebtedness secured by it is no agreement, and confers no authority at all is too firmly established to require extended discussion. 'Where an engagement is in general terms made payable in money, it is by legal implication payable in lawful money of the country, and parol evidence cannot be admitted to show an agreement that it should be paid in any other medium or manner, or that payment should be made only out of some particular fund.' 22 C.J. 1076. * * *" 35 Ariz., at 153–154, 274 P., at 1049.

*See,* Neil v. Tuley, 35 Ariz. 523, 281 P. 216 (1929); Boyle v. Webb, 54 Ariz. 188, 94 P.2d 642 (1939); *see also,* Ainsworth v. National Bank of Arizona at Phoenix, 33 Ariz. 466, 266 P. 8 (1928); Bank of Douglas v. Robinson, 78 Ariz. 231, 278 P.2d 417 (1954).

Hence, we consider the findings and judgment reached to be in violation of the substantive law pertaining to the changing of the meaning of an integrated document by parol. However, viewing the evidence most strongly in favor of defendant's position to determine whether there is any theory upon which a defense judgment would be justified, Kinnison v. Hulett, 71 Ariz. 396, 228 P.2d 446 (1951); Magma Flood Control District v. Palmer, 4 Ariz. App. 137, 418 P.2d 157 (1966), we believe on this evidence a trier of fact might find that this note was never intended by the

parties to be a promissory note. We are now talking about an attack upon an apparently integrated document which establishes that the instrument is a sham and not what it purports to be at all.

Buck Nichols testified he never signed a note to obligate him to pay money. Mr. Bearden testified Buck's signing was not to obligate him to pay money and indicated instead that the note played a role in bookkeeping procedures of the plaintiff. There is no direct contrary evidence.

■ The Supreme Court of Arizona, in *Bickart*, supra, held that a note as between the original parties is a simple contract for the payment of money. And the authors of Corpus Juris Secundum, 17 C.J.S. Contracts § 32 state the general contract rule that:

> "Where neither party intends that a contract shall result by what is done, no valid contract results; and where both parties actually intend that there shall be no contract and that intent is known and admitted, there is no occasion to consider the existence or nonexistence of any objective manifestation to the contrary." 17 C.J.S., at 643.

In Nice Ball Bearing Co. v. Bearing Jobbers, 205 F.2d 841 (7th Cir. 1953), plaintiff parent corporation sued nominee subsidiary stockholder who held stock pursuant to a secret agreement that parent was true owner, and nominee was only the holder for purposes of concealing true ownership of the subsidiary from competitors. The court held that while the parties executed what on its face purported to be a written contract, at execution neither party intended it to be a contract and therefore the whole transaction was a sham.

And in McGuire v. Luckenbach, 131 Colo. 333, 281 P.2d 997 (1955), defendant claimed that he signed a contract only as a matter of convenience and it was undisputed he had nothing to do with the mining operations covered in the contract. The court said:

> "We believe it to be a well-settled rule in Colorado and elsewhere that in an action on a contract executed by the parties thereto extrinsic evidence is admissible to establish that the parties did not intend it to be an exclusive, authoritative memorial of their agreement, and where they have previously agreed that their written promises are not to bind them, that agreement controls, and no legal obligations whatever arise under the contract. Such a contract is a mere sham, lacking all legal efficacy, and extrinsic parol or other extrinsic evidence will always be received on the determination of that issue. [Colorado case citations given] Burke v. Dulaney, 153 U.S. 228, 14 S.Ct. 816, 38 L.Ed. 698; Hamilton v. Boyce, 234 Minn. 290, 48 N.W.2d 172; In re Hicks & Son, Inc., 2 Cir., 82 F.2d 277; Danielson v. Bank of Scandinavia, 201 Wis. 392, 230 N.W. 83, 70 A.L.R. 746; Allen v. Marciano, 79 R.I. 98, 84 A.2d 425; Western National Ins. Co. v. Trent, 69 Nev. 239, 247 P.2d 208; 4 Page on Law of Contracts, p. 3820, sec. 2176, et seq.; 9 Wigmore on Evidence (3d ed.), p. 30, sec. 2410; Restatement of the Law, Contracts, p. 74, sec. 71; Williston on Contracts (3d Rev.Ed.), p. 1808, sec. 630, et seq.; 20 Am.Jur., p. 954, sec. 1093, et seq.; 32 C.J.S., Evidence, § 967, et seq., page 932." 281 P.2d, at 1000.

■ We believe that under the rule as to sham transactions the judgment should be affirmed. The trial court had before it uncontroverted testimony of Mr. Bearden, a man who was no longer an employee of the plaintiff at the time of trial and who had had his services with the plaintiff terminated under circumstances which may have made him biased against his employer. Also, the trial court heard the testimony of the defendant, who was obviously an interested witness. However, it is evident that the trial court believed both parties, although it need not do so, Silva v. Traver, 63 Ariz. 364, 162 P.2d 615 (1945). With due regard for the trial court's opportunity

to judge the credibility of the witness, we affirm. Rule 52(a), Rules of Civil Procedure, 16 A.R.S.

Judgment affirmed.

MOLLOY and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.